ALBANY,
January, 1819.

HOWLAND
V.
LUCE.

HOWLAND *against* LUCE.

IN ERROR, on *certiorari* to a Justice's Court.

The defendant in error brought an action of trespass in the Court below, against the plaintiff in error, for taking and carrying away his goods and chattels. The defendant below pleaded not guilty, and justified under a warrant issued by the trustees of school district, No. 7, in the town of *Clarence.* The defendant below, at the trial, admitted taking the chattels, and produced a warrant purporting to be issued by the trustees of the school district, directed to the defendant, as collector of that district. The execution of the warrant was admitted, but not that the persons signing it were trustees, or that there was any such school district. The defendant produced a paper, purporting to be a record of a district meeting, holden the 4th of *April*, 1816, by which it appeared, that the defendant was chosen clerk and collector of the district, and that the persons who issued the warrant were chosen trustees. It also appeared, that the defendant took the oath prescribed by law, on the 2d of *May.* The plaintiff objected to the legality of the proceeding : 1. That the oath taken by the defendant was not taken within fifteen days ; 2. That the defendant could not hold the two offices of clerk and collector; 3. That the provisions of the statute had not been pursued in forming the school district. Judgment was rendered for the plaintiff below.

It is not necessary that the clerk of a school district, appointed under the 13th section of the *act for the better establishment of common schools,* passed *April* 15, 1814. ses.37. c. 192. should take the oath prescribed by law, within fifteen days from the time of his appointment, and it is sufficient if he qualifies before any official act done by him. The same person may be appointed district clerk, and collector of the district, at the same time, there being nothing incompatible in the two offices.

*Per Curiam.* The 13th section of the act for the better establishment of common schools, passed *April* 15th, 1814, sess. 37. ch. 192. authorizes the freeholders and inhabitants of each school district " to choose one district clerk, to keep the record and proceedings of such meetings, who shall be qualified by oath or affirmation, as town clerks by law are qualified, and which oath, &c. shall be kept on file in the office of said district clerk, and also three trustees to manage the concerns of such district, and one district col-

lector." The act does not declare, that neglecting to take the oath for fifteen days, amounts to a refusal to serve ; but in the 15th section, it authorizes the district to supply vacancies, in case any of the offices shall be vacated by death, of a refusal to serve, removal out of the district, or incapacity. In the present case, the district has not considered the office vacant, and the defendant having qualified before any act done by him, he was a legal district clerk.

There is no prohibition in the act to confer the offices of district clerk and collector, upon the same person, and there is no incompatibility in the offices.

The third objection admits, that a school district, as stated in the warrant, had been formed ; but points out no specific objection as to the mode or manner of its being formed. It may, therefore, be considered, as agreed between the parties, that there was such a school district as that stated in the warrant, and that every thing was regularly done, except what was specially objected to, and that objection being unfounded, the judgment must be reversed.

Judgment reversed.