### BELLOWS vs. PATRIDGE.

A trust in an assignment executed by a debtor, for the benefit of creditors, "to convert the assigned property into money, by sale, either public or private, as soon as reasonably practicable, with due regard to the rightful interests of the parties concerned," implies no authority to the assignee to delay the sale longer than the ordinary time required for the efficient performance of such a duty, which depends upon the peculiar circumstances of each case, and the condition in which the assignor's affairs are placed; and does not render the assignment void.

Neither does a power to compound, compromise and settle the claims assigned, in the discretion of the assignee, vitiate the assignment.

An assignment preferred two notes, made by one H., upon the condition that H. accounted for certain collaterals. If he did not account for them, however, no portion of the assigned property was to be applied on those notes until all the residuary creditors were paid except B. The notes were then to be paid, and B.'s claim was to follow. In any event B. was to be paid last. *Held*, that these provisions were nothing more than the exercise of the assignor's undoubted right to direct preferences, and to prescribe the order in which his debts should be paid; and did not render the assignment void.

THIS action was commenced for the purpose of setting aside, as fraudulent and void, an assignment made by Patridge to one Fessenden, for the benefit of his creditors. The only question involved in the case was as to the proper construction, and the legal effect, of the assignment. By this assignment, Patridge gave certain property to Fessenden in trust, to convert into money, by sale, either public or private, as soon as reasonably practicable, with due regard to the rightful interests of all the parties concerned, and in such a manner as might, in Fessenden's judgment, be for the best interests of the estate. He also gave the assignee, Fesssenden, power to compound, compromise and settle claims and things in action assigned, in his discretion. In the third class, the assignment preferred two notes made to one Harris, upon the condition that Harris accounted for certain collaterals. If he did not account for them, however, no portion of the assigned property was to be applied on those notes until all the residuary creditors were paid, except Bellows. The notes were then to be paid, and Bellows' claim was to follow. In any event Bellows was to be paid last. It was contended that these

Bellows *v.* Patridge.

three provisions rendered the assignment void, and this action was brought for the purpose of having it so declared, and with the object of making a judgment, recovered against Patridge, a lien on the real estate assigned. The cause was tried before Justice Roosevelt, and a decree was entered dismissing the complaint. From this decree the plaintiffs appealed.

*By the Court,* Clerke, J. The trust "to convert the assigned property into money, by sale, either public or private, as soon as reasonably practicable, with due regard to the rightful interests of the parties concerned," certainly contains no express authority to delay the conversion of the property into money, beyond what the effectual performance of the trust necessarily required. It would defeat the object of any trust of this kind, and would be at variance with "the rightful interests of all the parties concerned," including those of the plaintiff, to force a sale before it was "reasonably practicable." On the other hand, why should we imply from the terms of this clause an authority to delay the sale in detriment to those interests ? To infer any such intention would not only be contrary to the rule, that an unlawful meaning is never to be implied, but to the express import of the language employed ; and if a provision in an assignment "to sell and dispose of the property upon such terms and conditions as in the judgment of the trustees may appear best," has been held not to authorize a sale upon credit, the clause disputed in this case may much more positively be pronounced as implying no authority to the assignee to delay the sale longer than the ordinary time required for the efficient performance of such a duty, which, of course, depends upon the peculiar circumstances of each case, and the condition in which the assignor's affairs are placed. To say that a sale of property, assigned for the benefit of creditors, should be made within the same period of time after the execution of the assignment, in all cases alike, without discrimination, would be manifestly impracticable, indeed absurd ; and if this cannot be maintained, there is no alternative but to leave it to the judgment of the trustees, controlled by the rules of law, prohibiting all delay except what suit-

able preparation and the interests of the creditors obviously demand.

It is also objected that the power " to compound, compromise and settle" the claims assigned, in the discretion of the assignee, avoids the assignment. In *Woodburn* v. *Mosher*, referred to by the counsel for the plaintiff, decided at special term, in Otsego county, the assignee himself was indebted to the assignor, and, under a provision of this kind, compromised with himself; and all the circumstances of the case showed that the assignment was fraudulent in fact. Justice Sutherland's opinion in *Grover* v. *Wakeman* applies to an authority to compromise with creditors; and *Murphy* v. *Bell*, decided at special term, does not afford sufficient light on this point to enable us to ascertain for what reasons the learned judge considered this provision objectionable. For my part, I see no sufficient reason why it should render an assignment void, unless a sale of debts or any chose in action be also prohibited; for a sale even at public auction would leave as much room for corruption and collusion as the more direct and easy method of composition and compromise. Besides, if the assignee does not possess this power, he may often lose a favorable opportunity to unite with others in a composition with a failing debtor, thus losing the whole claim, perhaps a considerable amount due to the trust, when, by a judicious and timely settlement, he could have secured a large portion of it. While we recognize these assignments at all, the assignee must not be divested of the means and the discretion plainly essential to the proper execution of his trust.

The provisions relative to the notes of Harris, and the debt due to the plaintiff, are nothing more than the exercise of the assignor's undoubted right to direct preferences, and to prescribe the order in which his debts should be paid.

The judgment of the special term should be affirmed, with costs.

[NEW YORK GENERAL TERM, December 26, 1854. *Mitchell, Clerke* and *Morris,* Justices.]