## SUPREME COURT.

John R. Evans, and others agt. Cooley S. Chapin, and others.

The *omission of a debtor,* who makes a general *assignment* of his property, for the benefit of creditors, under the act of 1860, *(Session Laws, p.* 594,) to make and deliver to the *county judge an inventory or schedule* of his creditors, and the amount owing to each, &c., as required by the second section of that act, does not render the assignment *void;* the statute in that particular is merely directory.

*Erie Special Term, November,* 1860.

Trial by the court. The material facts stated in the complaint as herein indicated, were admitted.

The plaintiffs are judgment creditors of the defendant Chapin, having an execution returned unsatisfied.

Chapin, July 2, 1860, made a general assignment, to the defendant, Robert D. Carsons, for the benefit of his creditors. The assignment was acknowledged, and it was recorded July 11, 1860. No inventory or schedule was made and delivered to the county judge as required by the act of 1860. The judgment demanded is that the assignment be declared fraudulent and void as to creditors.

A. P. Nichols, *for plaintiffs,*

insisted that *all* the provisions of the act of 1860, must be complied with, or there was no valid assignment.

J. C. Strong, *for defendants,*

contended that a compliance with the provisions of section 1st, of the act alone, were conditions precedent to a valid assignment, and as to all subsequent provision the act was directory.

Marvin, Justice. The position of the plaintiffs' counsel is that the assignment made by the judgment debtor,

Chapin, is fraudulent and void by reason of his omission to make and deliver to the county judge of Erie county, within twenty days after the assignment, an inventory or schedule of all his creditors, &c.; as required by the act of 1860. (*Session Laws*, *p.* 594,) and this is the only point made. There were some other allegations made in the complaint, touching which no proof was given or admissions made. The assignment was duly acknowledged as required by the first section of the act. It is declared by the second section, that the debtor making an assignment, shall, at the date thereof, or within twenty days thereafter, make and deliver to the county judge, an inventory or schedule, containing a full and true account of all the creditors of such debtor; their place of residence; the sum owing to each creditor, and the nature of the debt; the consideration, &c.; all judgments, &c.; a true inventory of the debtor's estate, &c., and its value. The inventory or schedule, is to be verified by affidavit.

By the next section, the assignee is required, within thirty days, (" and before he shall have power or authority to sell, dispose of, or convert to the purposes of the trust, any of the assigned property,") to enter into a bond to the people, with sureties, conditioned for the faithful discharge of the duties of assignee, &c. The county judge is to direct the amount of the bond and to approve the sureties. It is not necessary to notice the remaining sections.

In my opinion, the omission to make and deliver the inventory, as required by the second section of the act, does not avoid the assignment. The act, in this respect, is directory. Its object undoubtedly is, to secure to all the creditors information regarded as necessary to enable them to understand the condition of the assignor, and his property, and to protect their interests in the premises.

The title of the assigned property vested in the assignee immediately upon the execution and acknowledgment of the assignment, and it is nowhere declared that an omission to

comply with the requirements of the second section shall make such assignment void, or shall divest the assignee of the title.

The assignee cannot dispose of any of the property until he has given the bond as required by the second section. · This bond is to be given in thirty days, and the county judge is to order its amount, and approve the sureties.

The assignor is directed to make and deliver the inventory to the county judge at the date of the assignment, or within twenty days, and the inventory, &c., is to be verified by the affidavit of the debtor. It was probably supposed that the county judge, when called upon to fix the amount of the bond, would have the proper information, in the inventory furnished, with the affidavit annexed. No other mode of information is suggested. It is clear from the act that the assignee has no power to dispose of, or convert any of the assigned property, for the purposes of the trust, until he has given the bond. If the assignee accepts the trust he may be compelled to execute it, and as the giving of a bond is required by the statute, he may be compelled to give it. But I do not see very clearly upon what principle the voluntary assignee can be compelled to make and deliver the inventory. The statute has not provided any way. It declares that the debtor shall make and deliver the inventory, but it is silent as to the consequences of omission, or what may be done to enforce compliance.

I shall not speculate upon this question. It is enough for the decision of the present case, that I am of the opinion that the assignment is not void by reason of the omission of Chapin, the debtor, to make and deliver the inventory or schedule as directed by the statute. There must be judgment for the defendants, dismissing the complaint with costs.