## BARBOUR *a.* EVERSON.

*Supreme Court, First District; At Chambers, May,* 1861.

GENERAL ASSIGNMENT.—REFUSAL TO FILE BOND OR INVENTORY. —REMOVAL OF ASSIGNEE.—POWER OF N. Y. COMMON PLEAS.

The refusal of an assignee for benefit of creditors to file an inventory and give a bond, as required by Laws of 1860, ch. 348, does not render the assignment void.*
Such refusal, however, would justify the removal of the assignee.

---

\* Compare Fairchild *a.* Gwynne, *Ante,* 23.

It is doubtful if the Laws of 1860, ch. 348,—regulating assignments for the bene-fit of creditors,—can be carried out fully in the city and county of New York without further legislation, there being no county judge in that county.

Motion for an injunction and receiver.

This action was brought by Thomas and Samuel Barbour against Gilbert F. Everson and another, to set aside a general assignment, executed since the passage of the act of 1860, on the ground that no inventory had been made as required by that act, and that the assignee had not given security. The plaintiff now moved for an injunction and the appointment of a receiver.

*Wm. Henry Forman*, for the motion.

*Charles Ga Nun*, opposed.

INGRAHAM, J.—The plaintiffs ask for an injunction and receiver of an estate, assigned by a voluntary assignment to pay creditors, upon the ground that the assignee has neglected or refused to file the inventory and give the bond required by the act of 1860. (*Laws of* 1860, 594, ch. 348.)

Whatever may be the consequences of such neglect or re-fusal, I see nothing in the statute which makes the assignment void, or which deprives the creditors of the benefits of such assignment, because the assignee does not properly discharge his duties. It has very frequently happened, before the pas-sage of the act of 1860, that assignees have mismanaged the estate, or become from various causes unfit to be trusted with the debtor's property; but in no instance has such misconduct affected the validity of the assignment, but has been remedied by removing the assignee. Such a remedy might be applied in this case. But I see no reason for declaring the assignment fraudulent.

The question as to the validity of the assignment under such circumstances, has been examined by Judge Marvin in Evans *a.* Chapin (12 *Abbotts' Pr.*, 161; S. C., 20 *How. Pr.*, 289), who has arrived at the same conclusion.

It is by no means clear that this statute can be carried out fully in this county.

We have no county judge to perform the duties required by

that act. There can be no county judge in this county, and although, for certain purposes, the Court of Common Pleas has discharged duties of a certain class pertaining to County Courts, it may well be doubted whether the provisions of this statute can be enforced in this county without further legislation.

At any rate, I do not think the court is warranted in saying that, for the causes above stated, the assignment is void, or that the motion for a receiver should be granted.

Motion denied.