People *ex rel.* Crimmins agt. McManus.

———◆◆———

## SUPREME COURT.

THE PEOPLE *ex rel.* THOMAS CRIMMINS and others agt. THOMAS McMANUS and DANIEL GALLAGHER.

When an *inspector* of election for *common schools* in a ward in the city of New York, becomes a candidate for the office of trustee of common schools in that ward, his office of inspector becomes *vacant.*

Although it is irregular for such a candidate to act as inspector of such election, yet where he acts with two other lawful inspectors, and who are made by the school act competent to act without a third inspector, it does not render the election invalid.

Where votes were given for candidates upon ballots headed for the office of " Trustees of Public Schools," instead of " Trustees of *Common* Schools," as designated by statute,

*Held,* that the intention of the voters must be considered distinctly manifested by the ballots which were cast for trustees of public schools, as designed for trustees of common schools, there being no trustees to be voted for at the election but the latter.

Also, *held,* that the intention of the voter was not in such case a question of fact for the jury, but of law for the court; and as matter of law the relators were entitled to the votes cast for them headed on the ballot " Trustees of Public Schools," as and for trustees of common schools.

*New York General Term, October,* 1861.

CLERKE, LEONARD and BARNARD, *Justices.*

THIS was an action in the nature of a *quo warranto* to set aside the election of the defendants to the office of trustees of common schools of the nineteenth ward. on the ground

that the defendant Gallagher had officiated as one of the inspectors of election in the second district of the nineteenth ward, thereby vitiating the election in that district, which would so reduce the vote cast in the whole ward as to defeat the election of the defendant McManus ; and on the further ground that certain ballots which contained the names of the relators, and were headed for " Trustees of Public Schools," should have been allowed to them as candidates for the office of " Trustees of Common Schools ;" and also that certain ballots which were rejected by the district canvassers because not indorsed " School Officers number Ten," as required by law, should have been allowed to the relators, the addition of which votes would give them a majority over the defendant Gallagher.

> D. B. TAYLOR, *for the relators.*
> A. R. LAWRENCE, JR., *for the defendants.*

By the court, LEONARD, Justice. The defendant Gallagher, being a candidate for the office of trustee of common schools in the nineteenth ward of the city of New York, at the December city election, 1860, his office as an inspector of elections for the second district in that ward became vacant. Such is the direction of the act of 1857, (*chap.* 294, *Sess. Laws, vol.* 1.) There is nothing in the act of 1860 (*chap.* 246, *Sess. Laws,*) inconsistent with that provision in the act of 1857, and it is still in force.

Two inspectors of election may act, however. (1 *R. S.,* 422, § 13, *5th ed.*)

It was irregular for Gallagher to act as an inspector at that election. There were, nevertheless, two lawful inspectors, and by the statutory provision referred to, they were competent to act without Mr. Gallagher.

It might be considered that public policy requires that the votes cast for Mr. Gallagher, at the election district where he acted as an inspector, should not be counted in

his favor, but it is not necessary to decide that question, as will be subsequently seen. So far as the question affects the defendant McManus, the public policy which prohibits voters from being disfranchised, must prevail, in the absence of fraud, or the violation of express statutes affecting the result, or rendering the votes or the election nugatory. True, Gallagher was not an inspector, either *de facto* or *de jure.* His office was vacant during the whole day of the election. That fact did not render the proceedings of the other two inspectors, or the ballots of the voters invalid.

It was held, in *The People* agt. *Cook* (4 *Selden,* 69,) that the election was valid, although four inspectors acted part of the time, one of whom was necessarily wholly unauthorized to act.

There was no fraud alleged or proved in respect to proceedings at the said election district; nothing to show that the result of the election was in any respect affected by the conduct of the inspectors.

In my opinion the returns from the second district were properly received; certainly, so far as Mr. McManus is concerned.

If the votes in the third and fourth election districts of the said ward, which were headed or designated for " Trustees of *Public* Schools," instead of *Common* Schools, as the office is called in the statute, had been allowed for the relators, one of them—Schaefer—would not have a majority over the defendant McManus.

There were two candidates only to be elected. Those two candidates having the largest number of legal votes were the persons elected.

The verdict is in favor of both the relators and against both the defendants. It cannot be upheld, even if the views of the counsel for the relators are correct in respect to the votes in the third and fourth districts, above referred to. The addition of these votes to those allowed would elect the relator Crimmins, but not Schaefer. The defend-

ant McManus is entitled to his office, and the verdict, as against him, is erroneous, without reference to the technical question, whether one action can be maintained in behalf of two claimants, each demanding separate and distinct offices. This may be, however, a question of pleading, and then, if irregular, can perhaps be amended.

It was erroneous to direct a verdict for both plaintiffs against both defendants.

Assuming that a trial may be had hereafter involving the questions arising on the votes of the third and fourth election districts, it is important that the views of the general term thereon should be had.

We consider that the intention of the voters was distinctly manifested by the ballots which were cast for trustees of public schools.

There were no trustees to be voted for at that election, except trustees of common schools.

The voter cast his ballot for trustees of public schools. There was no officer having exactly that name then to be voted for, but there were trustees of schools distinctly indicated on the ballot, and no other officer called a trustee was then to be elected.

We think as a matter of law the relators were entitled to those votes, and that the intention of the voter was not here a question of fact for the jury, but of law for the court. (*The People* agt. *Cook*, 4 *Selden,* 73, 74, 75, &c.)

The statute requiring the ballots to be indorsed in a particular manner, is directory only, and not imperative. There is no nullifying clause in case the direction of the statute in this respect is omitted. (*The People* agt. *Cook,* 14 *Barb. R.,* 290, 291, 292 *and* 293.)

There being no evidence to show that the relators were ever notified of their election to office, the judge at the trial correctly held that the objection that they had not taken the oath of office was not tenable.

There must be a new trial, with costs to abide the event.