## JULIAND *vs.* RATHBONE and DARLEY.

Section two of the act of 1860, respecting assignments for the benefit of cred-
itors, requiring an assignor, within twenty days after the date of an assign-
ment, to make and deliver to the county judge an inventory of his debts
and assets, and section three, requiring the assignee, within thirty days
after the date of the assignment, to give a bond conditioned for the faithful
discharge of his duties, are *directory* merely; and an omission to execute
and deliver the assignment, and to file the bond, within the times specified,
will not render the assignment inoperative and void.

If an assignment is valid when made, and vests the title in the assignee,
neither the omission of the assignor to deliver an inventory, nor any omis-
sion of duty by the assignee in the execution of the trust, will reach back
and render the assignment invalid.

THIS action was brought to recover the value of certain
personal property alleged to have been wrongfully taken
and converted by the defendants. The defendants justified
the taking, as sheriff and deputy sheriff, under an execution
issued upon a judgment in favor of James Freeland and
others against Stoddard S. Nichols. Nichols was in posses-
sion of the goods, and the owner thereof, until the 21st day
of May, 1860. He made an assignment of all his proper-
ty, including the goods in dispute, bearing date that day, for
the benefit of his creditors, to Lewis Juliand. The assign-
ment was acknowledged the day of its date, and was record-
ed in the office of the clerk of Chenango county on the
22d day of May aforesaid. The county judge of Chenango
county did not fix the amount of the penalty of the assignee's
bond until the 21st day of July, 1860. The bond which the
assignee gave, was dated the 23d day of July aforesaid, and
was approved by the county judge and filed the same day.
The inventories of the assigned property were verified the
23d day of July, 1860, and were filed in the office of the
clerk of Chenango county, with said bond, on the 24th day of
that month. The inventories were not presented to the county
judge until that day; and he fixed the amount of the pen-
alty of the assignee's bond by affidavit without an inventory.

The plaintiff purchased the goods of said assignee and

paid him $1800 for them, and took possession of the same on the 20th day of July, 1860 ; and he took a bill of sale of the goods, dated that day. Nichols also gave the plaintiff a bill of sale of the goods, bearing the same date, which stated that it was given "for a valuable consideration." The assignee gave the plaintiff another bill of sale of the goods dated the 23d day of July, 1860, like the first except its date.

The judgment in favor of Freeland and others against Nichols was entered and docketed in the Chenango county clerk's office the 20th day of July, 1860, and the execution issued thereon, by virtue of which the defendants seized the goods, was received by the sheriff the 21st day of that month.

The action was tried at the Chenango circuit in September, 1861. The plaintiff insisted that he showed a perfect title to the goods, and was entitled to recover ; and the defendants moved for a nonsuit, and then claimed and subsequently claimed on the trial that the assignment was void for several reasons. The judge directed the jury to find a verdict in favor of the plaintiff for the value of the goods, with interest thereon ; and the jury rendered a verdict in his favor for $1942.45. The defendants took exceptions, on the trial, which were settled, and directed by the judge to be heard in the first instance at the general term, and judgment was suspended.

*S. S. Merritt,* and *A. Johnson,* for the plaintiff.

*R. McDonald, Rexford & Kingsley,* for the defendants.

BALCOM, P. J. The assignment by Nichols to Lewis Juliand was executed, acknowledged, delivered and recorded as required by chapter 348 of the laws of 1860. (*Laws of* 1860, *p.* 594.)

The defendants' counsel insists that the assignment became inoperative and fraudulent as against the creditors of the assignor, because the assignor did not within twenty days

after the date of the assignment, make and deliver to the county judge of Chenango county, in which county the assignor resided, an inventory or schedule, as required by section two of the act of 1860 ; and because the assignee did not within thirty days after the date of the assignment, and before he first sold the goods in question to the plaintiff, give a bond according to section three of such act.

The well known fact that assignments have very frequently been made for the benefit of the assignors instead of their creditors, and to cheat and defraud the latter, satisfies me the authors of the act of 1860 intended that no assignment should be valid, unless the assignor and assignee complied with all the provisions of that act. But I am constrained to say that, by the well settled rules of construing statutes, that act does not make an assignment inoperative, or fraudulent, or void, if the assignor fails to make the inventory or schedule within the time required by section two of such act; or if the assignee fails to give a bond within the time prescribed by section three of such act ; because the failure to do those things within the prescribed time is not declared in such act, or by any other legislative act, to have that effect ; and assignments were good by the common law, without any inventory, schedule or bond. (*See Evans* v. *Chapin,* 12 *Abbott,* 161; *MS. opinion of Justice Clerke, in Fairchild, receiver,* v. *Gwynne, assignee, &c. and others, N. Y. Transcript, Feb.* 15, 1862.)

When the assignment was executed, acknowledged, delivered and recorded, and the assignee took possession of the goods, the title to them became vested in him if the assignment was not fraudulent; and he did not lose such title by failing to comply, or by the failure of the assignor to comply with the directory provisions of the act of 1860. Those provisions which require an inventory or schedule to be made within a certain time by the assignor, and a bond to be given within a certain time by the assignee, are merely directory, for the reasons already given; and I will add that similar

provisions in the legislative acts of Missouri and Pennsylvania have been held to be directory by the courts of those states. (*See Hardcastle et al.* v. *Fisher et al.*, 24 *Missouri Rep.*, 70; *Dallam* v. *Fitler*, 6 *Watts & Serg.* 323.)

The assignor, as well as the assignee, executed a bill of sale of the goods in dispute, to the plaintiff, on the 20th day of July, 1860; and the assignee executed another bill of sale of the same goods to the plaintiff after the inventory or schedule was made and filed and the proper bond was given, approved and filed, and before the defendants levied upon the goods. Nine hundred dollars of the consideration for the goods was paid in money by the plaintiff at the time he purchased them of the assignee; and the evidence shows the plaintiff was a purchaser in good faith, so as to enable him to hold the goods, as against the execution, before any levy was made by the defendants. (*See* 11 *Paige*, 21; 5 *Denio*, 619.)

I am of the opinion the assignment is valid on its face. (*See* 34 *Barb*, 422; 33 *id.* 425; *Ogden* v. *Peters*, 21 *N. Y. Rep.* 23; *Griffin* v. *Marquardt, Id.* 121.)

I think there was no question of fact for the jury, except to determine the value of the goods; and that no error was committed on the trial to the prejudice of the defendants.

For these reasons I am of the opinion the defendant's motion for a new trial should be denied, with costs.

MASON J. The first question to be considered in this case is whether the omission of the assignee to file the bond required by the third section of the act of April 13th, 1860, and the omission of the assignor to make and deliver the inventory required by the second section, renders the assignment void. (*Laws* 1860, *chap.* 348, §§ 2, 3.) I do not think it does. If the assignment was valid when made, and vested the title in the assignee, no omission of duty by the assignee in the execution of the trust, can reach back and render the assignment invalid. Neither can the omission to make out

and deliver the inventory, required by the second section of the said act, render the assignment invalid. The making of the inventory required by this statute may be after the execution and delivery of the assignment; and the making of it is a duty imposed on the assignor, over whom the assignee has no control. In the case of *Evans* v. *Chapin*, (12 *Abbott's Pr. R.* 161,) it was held that the omission to make and deliver the inventory did not affect the validity of the assignment, and that the statute, in that particular, was merely directory. (*How. Pr. R.* 289. 2 *Paige*, 311)

This statute must be held to be merely directory, both upon principle and authority. (4 *Seld.* 13, 328. 34 *Barb.* 620, 627. 6 *Wend.* 486. 16 *John.* 135. 19 *Wend.* 143. 14 *Barb.* 298 to 294. 12 *Wend.* 481. 6 *Hill,* 42. 2 *id.* 329; 23 *Barb.* 313. 26 *id.* 586. 17 *N. Y. Rep.* 445. 18 *id.* 220. 10 *Wend.* 663. 3 *Hill,* 43. 3 *Mass. R.* 230. 11 *Wend.* 604; 7 *Hill,* 9.) These things were done, but not within the time directed by the statute. The statute makes it the duty of the assignor to make out and deliver the inventory to the county judge within thirty days, and also makes it the duty of the assignee to execute the bond required by the third section within thirty days; but there is no negative in the statute declaring it shall not be done after that time; and the statute is entirely silent as to the effect of the omission to do either.

It seems to me very clear, therefore, within the principle of the cases above referred to, that this statute must be regarded as directory as to the time, at least, in which these acts must be done. The title vested in the assignee at the time of the assignment, and by virtue of it the assignee is authorized to take possession of the property at once, without any reference to his having executed his bond. It is true the third section of the act requires that the bond shall be executed before he shall have power or authority to sell or convert the assigned property to the purposes of the trust. The omission of the assignee to give the bond may be

treated as a refusal to serve, perhaps, and justify an application to appoint a receiver. (*Burrill on Assignments*, 573, 3*d ed.*) or may furnish good cause for so doing. (5 *Seld.* 176.   2 *Barb. S. C. R.* 446.   5 *Paige*, 46.   8 *id.* 294.   2 *Story's Eq.* 1289.   *Burrill on Assignments*, 507, 568, 2*d ed.*)

The construction of this statute contended for by the defendant cannot upon any known principle prevail. It cannot be that the assignee takes only the conditional title, subject to be deprived of it if the inventory is not delivered in twenty days, or the bond executed in thirty. The property is not thus held in suspense. This statute contains no such provision and has no such effect; and previous to the statute the law was well settled that on delivery of the assignment the title passed, and the rights of the creditors under it became vested and fixed, and could not afterwards be impaired by any act or omission of duty by the assignee. (4 *John. Ch.* 135.   1 *Duer*, 58.   20 *N. Y. Rep.* 15.   5 *Seld.* 142, 152.   *Burrill on Assignments*, 304, 306, 308, 309.)   If valid in its creation no subsequent illegal acts of the assignor or assignee could in any manner invalidate it. (6 *Barb.* 91, 94.   33 *id.* 127, 135.   24 *id.* 105.   32 *id.* 126. *Burrill on Assign.* 442, 3*d ed.*)   This assignment is not void by reason of any thing appearing on the face of the assignment. It is a fundamental rule in the construction of written instruments susceptible of two meanings, one of which would render the instrument lawful, and the other unlawful, that the courts shall give it that construction which will render it lawful and uphold the instrument. (15 *Barb*: 61.   10 *How. Pr. R.* 175, 178.   19 *Barb.* 176.   22 *id.* 550, 561.   1 *Kernan*, 305.   17 *Barb.* 392.   *Burrill on Assign.* 374.)   Applying this rule of construction to the portions of this assignment which are made the subject of criticism on this appeal, the defendant's objection to this assignment cannot prevail. If, however, this assignment is to be regarded as fraudulent, as to the creditors of the

Juliand *v*. Rathbone.

assignor, I do not see how it could prejudice the plaintiff's case, as he must, upon the evidence in the case, be regarded as a bona fide purchaser from the assignee, before these defendants had made their levy upon the property; and in such a case an innocent purchaser, for a valuable consideration, acquires a good title, even from a fraudulent assignee. (9 *Paige*, 132. 18 *John*. 515. 3 *Duer*, 183. 17 *N. Y. Rep*. 9, 21. 6 *Abbott*, 357, 374. 1 *Barb. Ch*. 220, 240, 241. 21 *Barb*. 469. *Burrill on Assign*. 509, 510, 2d ed. 1 *Story's Eq. Jur*. § 381. 4 *Kent's Com*. 464, *note*. 2 *R. S*. 137, § 5.)

It is not necessary to inquire as to the validity of the bill of sale executed before the assignee had executed his bond; for he executed to the plaintiff a second bill of sale after he had executed his bond, and before the levy. There was no question for the jury in the case. There was no evidence of fraud in this assignment, and nothing from which such a verdict could be justified. And in such a case the court may direct a verdict when a contrary finding would be set aside as against evidence. (6 *Bosw*. 148. 14 *Barb*. 303. 4 *Seld*. 73 *to* 79.) The plaintiff was shown to be a bona fide purchaser; and as the defendant did not raise any question as to the good faith of the plaintiff's purchase, this question must be regarded as concluded on the trial, and consequently the question whether this assignment was fraudulent or not became wholly immaterial, and it could not affect the plaintiff's title as a bona fide purchaser.

It follows that the defendants were trespassers in taking this property, and the judge at the circuit was right in directing a verdict for the plaintiff. A new trial must be denied.

CAMPBELL and PARKER, Justices, concurred.

Motion for new trial denied.

[BROOME GENERAL TERM, July 8, 1862. *Balcom, Campbell, Parker* and *Mason*, Justices.]