GUILFORD DUDLEY v. KATE M. WHITING, *Adm'x, &c.*

VOLUNTARY ASSIGNMENTS *for the Benefit of Creditors.* A voluntary assignment for the benefit of creditors was void under the act of February 27, 1860, (Comp. Laws, 102,) unless the assignee executed a sufficient bond as prescribed by said act before he took upon himself the trust intended to be conferred upon him.

*Error from Shawnee District Court.*

REPLEVIN, brought by *Dudley* against Charles C. Whiting, since deceased. The property in controversy was a stock of goods taken by Whiting, as sheriff, under a writ of execution,

as the property of Asa Hairgrove. The case was tried at the November Term 1868 of the district court, and final judgment was rendered for the defendant. *Dudley* brings the case here for review, making Whiting's administratrix defendant in error. The opinion of the court contains a full statement of the facts.

*W. P. Douthitt,* for plaintiff in error:

The ground on which the defendant in error claims to avoid the title of the plaintiff, is, that the assignment made by Hairgrove to Murphy is fraudulent and void as against Hairgrove's creditors. The grounds on which defendant in error claims that said assignment is void are, 1st, That the assignment authorized a sale of the assigned property, by the assignee, on credit; and 2d, That there was no schedule of the assigned property annexed to the assignment.

The deed of assignment does not by a fair construction authorize a sale upon credit. The language of the deed is, "to be sold for cash, or such other avail as will be received by the parties hereafter named in liquidation of my debts and liabilities due them." No creditor could complain of this provision. It was obligatory on none to receive anything but cash in payment of his debt as far as the proceeds of the assigned property would go. If any creditor was willing to accept anything but cash, no other creditor could complain. If the assignee should sell for anything but cash, it was at his own risk whether a creditor would receive it or not in payment of his debt. But if the court should give the deed the construction claimed by defendant, that would not render it void according to the weight of authority : 5 Ohio St., 124; 6 Ohio St., 611; Burrill on Assign., 210 to 222.

The omission of the schedule of the assigned property is not sufficient in itself to avoid the assignment. The deed itself carried the title to the property, and there was a list of the creditors for whose benefit the assignment was made: 13 Wis., 644; Burrill on Assign., 276.

*A. H. & M. H. Case*, and *A. L. Williams*, for defendant in error:

The question in this case is, whether the goods replevied were Hairgrove's or Dudley's. If Hairgrove's, they were subject to the execution. In order to establish title, therefore, any evidence tending to show a fraudulent and void assignment was competent evidence to go to the jury; and if the assignment was void on its face Dudley would be bound to take notice of its defects.

1. It was void on its face, because it gave power to sell on credit: 2 Selden, 510, 522; 5 id., 142; 2 Comstock, 365, 371; 2 Kernan, 302; 3 id., 215, 220; 1 Wis., 286, 313; 2 Wis., 42, 59; Burrill, 220.

2. It had no schedule attached, as stated: 6 Barb., 470; 14 id., 39, 46, 50; Burrill, 268.

3. It preferred creditors: 18 Texas, 317; 22 id., 708; 8 Iowa, 96.

4. The bond does not provide for surety to pay in case of failure of assignee.

5. It was void by the proof, under Comp. Laws, 1862, p. 102. The assignee took possession and commenced the sale of the goods long before the execution of the bond. The assignment was complete January 1st 1866: Burrill, 347; 2 Paige, 311; 17 Ala., 659. And the title to the goods did not pass but remained in Hairgrove. 13 Penn. St., 369; 3 Minn., 377; 13 Wend., 570.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin brought by Guilford Dudley against Charles C. Whiting. The goods in controversy originally belonged to Asa Hairgrove. On the 1st of January 1866, Hairgrove by a voluntary assignment for the benefit of creditors transferred these goods to John H. Murphy, and Murphy took immediate possession of them. Five days thereafter, and on the 6th of January, Murphy executed an assignment-bond. On the 8th of February Murphy sold said goods to said Dudley, and they

commenced immediately to invoice the same, Dudley having full knowledge of all the facts, and of the claim of Daniels, Millington & Co., hereinafter mentioned. On the 9th of February 1866 a judgment was rendered in the district court of Shawnee county on said claim, which was for goods sold long before said assignment in favor of Daniels, Millington & Co., and against Asa Hairgrove, for the sum of $1,156.98 and costs; and the next day, February 10th, an execution was issued on said judgment and delivered to said Whiting, who was sheriff of said county, who levied the same immediately upon said goods, and took them into his possession. On the 16th of February 1866 Dudley by this action replevied said goods from said Whiting. About the 28th of February, Dudley and Murphy finished invoicing said goods, and Dudley then paid for the same by drawing his check for the amount on Carney & Stevens of Leavenworth. This was afterwards changed into a certificate of deposit, dated February 28th 1866, drawn by Thompson & Woodruff of Leavenworth, to be paid by themselves on surrender of the certificate, and on the final settlement with the creditors of Asa Hairgrove. Afterwards this action was tried, and the trial resulted in a judgment for Whiting and against Dudley. Afterwards Whiting died, and the action was then revived in the name of the administratrix, Kate M. Whiting, who is now the defendant in error. We do not think it is necessary to state any other facts. Said assignment was void. The statute then in force made it void: Comp. Laws, 102. The assignee took upon himself the trust attempted to be conferred upon him six days before he executed any bond as the statute required. This alone made the assignment void. There are other reasons why we think the assignment is void, but this being sufficient, we shall not mention them. The assignment being void, neither Murphy nor Dudley got any title to the property. The property still remained Hairgrove's, as between Hairgrove, Murphy, Dudley, and Hairgrove's creditors. Daniels, Millington & Co. were Hairgrove's creditors, and had been such for a long time prior

to the execution of said assignment. They had a right therefore to have said execution levied on said property. And hence it must necessarily follow that the defendant had a right to recover in this action. There are other questions raised in this case; but with the opinion we have already expressed we hardly think it is necessary to express any opinion upon said other questions. The judgment of the court below is affirmed.

All the Justices concurring.