WILLIAM BRENNAN *et al.* Appellants, *against* CHARLES H. WILLSON *et al.* Respondents.

(Decided February 5th, 1877.)

A general assignment for the benefit of creditors to three assignees who all accept the trust vests the estate of the debtor in them jointly, and although one afterwards notifies his co-assignees that he resigns the trust and will not act, and fails to give a bond, the two remaining assignees cannot act without him if he is living and has not been removed by the court, and a conveyance by them alone of the debtor's real estate is void as against the creditors.

*It seems,* that after all the assignees named in the general assignment have accepted the trust, no one of them can by any act of his own, or of his cotrustees, be relieved from the duties and powers with which he has thus become charged and clothed, and that he can only be relieved by an order of the court.

*It seems,* also, that a failure of an assignee to give a bond is sufficient cause for his removal by the court.

APPEAL by the plaintiffs from a judgment of this court entered in favor of the defendants Willson and Newman, upon a decision of Judge JOSEPH F. DALY, made at special term dismissing the complaint.

The facts of the case were as follows :—

On the 2d day of July, 1875, Duke and Moore executed an assignment for the benefit of their creditors, to Charles H. Willson, Allen G. Newman, and James D. Trimble, who all in writing accepted the assignment, which was afterwards recorded.

On the 13th day of July, 1875, James D. Trimble resigned, and refused to act as assignee, and thereupon Willson and Newman, the other assignees, filed their official bond, which was duly approved. The resignation of Trimble was addressed to his associates Willson and Newman, who thereupon obtained from Duke and Moore a second assignment to themselves only. Willson and Newman then filed a second bond, under the latter of the two assignments. Trimble never was

removed by the court, nor was any step taken by him, or by any one else, to relieve him from the obligations he had assumed by accepting the assignment of July 2d, 1875. In November, 1875, certain property in 54th street, being part of the assets of the insolvents Duke and Moore, was sold by Willson and Newman, as assignees, at public auction, and bought by Brennan, the plaintiff in this action, who paid to the assignees, at the time of the sale, $2,100, ten per cent. of the purchase money. Brennan, after having had the title examined, refused to complete the purchase of the property on the ground that Trimble had not signed the bond under the assignment of July 2d, 1875, and therefore could not lawfully convey or join in conveying any portion of the assigned property, and that Willson and Newman, being only two of the three trustees who had accepted that assignment, could not alone make a valid conveyance. Brennan also objected that the second assignment, that of August 6, 1875, conveyed no rights to the assignees, as Duke and Moore, the assignors, had parted with all their interest in their assets when they executed the assignment of July 2d.

Brennan demanded the return of the ten per cent. he paid at the time of his purchase at the auction sale, and then brought this action to recover the money so paid, together with other outlays he had made.

*Erastus F. Brown*, for appellants.

*De Witt C. Brown*, for respondents.

VAN HOESEN, J.—The learned judge at special term was governed in his decision by the opinion of Judge Grover, in the case of *Juliand* v. *Rathbone* (39 N. Y. 375), and following that opinion, he could not have done otherwise than hold that the second assignment was valid ; and that, in consequence of Trimble's failure to execute a bond, as required by law, the first assignment failed to take effect ; and that if the second assignment were valid, then the defendants were confessedly able to make a good title, and the

plaintiff was bound to complete his purchase, and was not entitled to recover in this action. The learned judge at special term did not decide, and, following, as he did, the opinion of Judge Grover in *Juliand* v. *Rathbone*, it was not necessary to determine, whether or not, a conveyance made by two of three assignees was valid, where the third assignee was living, and had not been removed, though unwilling to execute the the duties of his trust. If the opinion of Judge Grover were in accordance with the law as it is now expounded by the Court of Appeals, there is no doubt but that the judgment at special term should be affirmed, for in the case at bar, as in *Juliand* v. *Rathbone*, the conveyance tendered to the plaintiff was executed not only by the assignees (Trimble included), but also by the assignors themselves; and if the title in *Juliand* v. *Rathbone* were good and sufficient, then the title offered to the plaintiff in this action was likewise complete.

Since the trial of this action at special term, however, two decisions of the court of last resort have been published in full, and they both enounce doctrines absolutely irreconcilable with the views expressed by Judge Grover in the case adverted to. The decisions are those in *Thrasher* v. *Bently* (1 Abbott's New Cases, 39) and *Syracuse, &c. R. R. Co.* v. *Collins* (1 Abbott's New Cases, 47). They both declare the law to be, that the giving of a bond by the assignor is not a pre-requisite to the validity of the assignment, but that the assignment, *ex proprio rigore*, transfers the property to the assignee. The assignors, after making an assignment, have not any interest whatever in the assigned property. A conveyance made by the assignors, subsequently to their assignment is, therefore, merely an idle ceremony.

The assignment of July 2d, 1875, was accepted by all three assignees. Trimble, though he did not follow up his acceptance of the trust by giving the necessary bond, became vested, conjointly with Willson and Newman, with the property included in the assignment. Having accepted the trust, he could not by any act of his own, or of his cotrustees, be relieved from the duties and powers with which he was clothed and charged. He could be discharged only by an

order of the court.. (*Thatcher* v. *Candee*, 4 Abb. Ct. Appeals, Dec. 387.) His failure to give a bond was sufficient cause for his removal by the court. (*Barbour* v. *Everson*, 16 Abb. Pr. 366.) But until he had been removed, it was not competent for Willson and Newman to act without him (*Thatcher* v. *Candee*, above cited); and before executing the bond, he could not lawfully dispose of the assigned estate. Willson and Newman alone could not convey to the plaintiff a clear title to the property which they had sold to him at the auction sale as against the creditors of Duke and Moore (4 Abb. Ct. Appeals Dec. 391). The plaintiff was under no obligation to take a bad title, and was clearly entitled to recover.

Van Brunt, J., concurred.

Judgment reversed, new trial ordered, costs to abide event. *

---

* Affirmed by the Court of Appeals in 71 N. Y. 502.