In the Matter of the General Assignment of Wil-
liam A. Ransom *et al.*

[Special Term.]

(Decided June 12th, 1878.)

An assignee under the General Assignment Act of 1877, has no authority to
compromise debts owing the estate, nor can such authority, in general terms, be
given him by the county judge. The facts in each case where a compromise is
deemed by the assignee proper, should be presented to the county judge, who
alone can determine whether or not the debt shall be compromised, and upon
what terms a compromise shall be made. The judge cannot make a general order
allowing the assignee to compound such claims as he may think proper to com-
pound.

APPLICATION by an assignee under a general assignment
for the benefit of creditors for leave to compromise claims
belonging to the estate.

The facts are stated in the opinion.

*Butler, Stillman & Hubbard*, for petitioner.

CHARLES P. DALY, Chief Justice.—This is an application
on the part of the assignee, that he may be authorized to
compromise all claims due to the assignors, with their advice,
at his discretion. The petition sets forth that a large portion
of the assets of the assignee's estate consists of claims against
persons in the Southern States; that these claims are about
460 in number and of various amounts, from $200 to
$2150; that sixty of them cannot, as the assignor believes,
be collected in cash, for the reason, amongst others, that they
are in suspense; and that the assignee has learned by long
experience that delay in settling such debts, especially in the
Southern States, usually ends in total loss.

There is no authority for an order of the court confer-
ring upon an assignee such a general power as this. Ordi-

narily, the assignee of an insolvent estate has no general authority to compromise claims due to the estate, unless the power to do so is given by statute or by the assignment, or it is assented to by the creditors (*Shepherd* v. *Trowgood*, 1 T. & R. 389; Hill on Trustees, 344, 4th Amer. Ed.).

Before the enactment of the various statutes by which voluntary assignments for the benefit of creditors were brought under positive statute regulations, authority might be given in such instruments to the assignee to compromise such debts as in the exercise of a sound discretion were doubtful (*Dow* v. *Platner*, 16 N. Y. 566; *Bellows* v. *Patridge*, 19 Barb. 178; *Brigham* v. *Tillinghast*, 15 id. 618). Now, however, the exercise of this power is regulated by statute, and is to be exercised only in the manner declared by statute. Provisions analogous to those enacted in the Revised Statutes in the various cases of assignees of insol vent debtors, appointed under the Revised Statutes, have recently been applied to the assignees in voluntary assign ments for the benefit of creditors.

It was provided by the Revised Statutes (2 Rev. Stat. p. 42, §§ 7, 9), that the assignee of an insolvent debtor might, under the order of the officer appointing him, compound with any person indebted to the debtor. In such a case, the judicial officer would have to have the facts of the particular case before him before he could make an order that the debt might be compounded and the debtor discharged; for there is clearly no authority to make a general order that the assignee might compound any of the claims against the estate, which, in his discretion, he thought proper.

Power is given to the surrogate by the act of 1847 to authorize an executor or administrator, upon good and sufficient cause shown, and upon such terms as the surrogate may approve, to compound or compromise any debt or claim due to the estate (L. 1847, c. 80, §§ 1, 2), which, even more distinctly than the previous statutory enactment, shows that the officer is to judge, upon the facts of the case, whether the particular debt should be compounded or not; and even in this case the compromise is not beyond future enquiry, for

the statute provides that the compromise, although made by the authority, and with the approval of the surrogate, shall not prevent any person interested in the final settlement of the estate from showing that such debt or claim was fraudulently or *negligently* compromised or compounded, leaving the compromise, in fact, at least to this extent, at the risk of the executor or administrator.

The power given to the county judge by the assignment act of 1877 (L. 1877, c. 466, § 23), to allow an assignee to compound a claim or debt, is, in all its essential features, the same as the power given to the surrogate by the act of 1847. Good and sufficient cause must be shown to the county judge, and the debt or claim is to be compromised or compounded *on such terms as he may direct.* It is evident from this, that the circumstances of the particular case are to be laid before him, and that he, and not the assignee, is to determine whether the debt should be compromised or not, as well as upon what terms ; yet, what in reality is asked in the order applied for is, that the assignee shall, in this respect, be substituted for the judge ; that he is to have the power of compromising any of the claims and of deciding upon what terms. The order I am asked to make is in these words : " Ordered that the said assignee be and hereby is authorised to compromise, in his discretion and upon the best terms that he can obtain, all claims due to the copartnership firm of W. A. Ransom & Co., and to receive in settlement thereof cash, notes, securities, or such available assets as he may deem best; provided that said assignor shall not compromise any claim that shall exceed in amount the sum of $1500, without making a special application to the court in reference thereto." This would be virtually annulling the statutory enactment that the county judge may, for good and sufficient cause shown, and on such terms as he may direct, authorise the assignee to compromise or compound any claim or debt belonging to the estate ; for under such a general order, it is not the judge, but the assignee who decides in the case of any debt under $1500, both as to the sufficiency of the cause for compromising it and as to the terms.

The assignee states that he has learned by long experience that delay in settling such debts as exists in this case, especially where they are in the Southern States, usually ends in total loss. This is probably true, but it would be no reason for ignoring the positive provisions of a statute. It does not, however, necessarily follow that great delay must ensue unless the assignee is clothed with this large discretionary power. Offers to compound debts usually come from the debtor when he is called upon for payment, accompanied by a declaration or representation of his inability to pay more in discharge of his obligation than the amount offered, and offers to compromise, where claims are disputed, are usually preceded by negotiations. If the assignee, who is here in New York, receives, in his effort to collect the claims, a large number of offers to settle debts which he thinks should be promptly accepted, it is a very simple matter for him to go before the judge any day and give his reasons, which may be briefly expressed in a general affidavit, in respect to every debt sought to be compounded. It may involve a little trouble, but not more than usually attends the winding up of insolvent estates by trustees who do their duty faithfully and carefully. It does not, therefore, follow that a delay in settling, which may result in the total loss of these debts, must ensue because the assignee has to get the sanction of the judge to the compounding of a considerable number of debts. The chief parties in interest are the creditors, for whose benefit the assignment is made. They have had nothing to do with the choice of the assignee. He is selected by the insolvent, giving bonds for the due execution of his trust. If the court, by a general order of this kind, leaves the compounding of debts, and the terms upon which they shall be compounded, wholly to him, he may act judiciously or not; and the creditors are concluded, unless, upon the final accounting, they can establish that there was fraud or negligence on his part in compounding a debt (§ 23). It may, therefore, as a general rule, be quite as much to their interest that there should be the supervision of a judge in the compounding of any claim, as that the compounding of

claims should be left entirely to the judgment and discretion of the assignee. At all events, that is what the statute has provided for, and it cannot be disregarded.

The application is consequently denied.

Application denied.