Blair v. Anderson.

---

E. W. BLAIR v. E. M. ANDERSON.

No. 11,444.   (59 Pac. 644.)

ASSIGNMENT FOR BENEFIT OF CREDITORS— *Schedule of Liabilities.* The making of an assignment by an insolvent debtor and the filing of the schedule of liabilities by the assignor are separate acts, and the failure of the assignor to file a verified schedule of liabilities within the time prescribed by statute will not render an assignment already made inoperative and void.

Error from Saline district court; R. F. THOMPSON, judge. Opinion filed January 6, 1900. Reversed.

*Bond & Osborn,* and *Garver & Larimer,* for plaintiff in error.

*Mohler & Hiller,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J : The principal question presented for determination by the record in this case is whether the schedule of liabilities is so far a part of the deed of assignment of an insolvent debtor that a failure to file a schedule, in the form and at the time prescribed by statute, renders the deed inoperative and invalid. There was attached to the deed in question a schedule of liabilities by the assignor, giving names of creditors, their post-office addresses, together with the amounts and character of the debts, but it was not verified until the following day, nor until after an attachment had been levied on the assigned property. The trial court held that the deed was void on its face because the schedule was not verified as required by statute.   In this ruling there was error.   It is the deed of assignment alone which transfers the property and creates the trust.    The statute does not prescribe that the schedule of liabilities shall be attached to or form a part of the deed of assignment, nor that they shall be made at the same time.   The assignment is to be recorded in the office of the register of deeds, while the schedule is to be filed with the clerk of the district court.   Prior to 1876 no schedule of liabilities was required, but in that year the legislature amended the statute and provided that in every case of assignment a schedule of liabilities shall be filed in the office of the clerk of the district court on the day of the execution of such assignment. (Gen. Stat. 1897, ch. 111, § 38 ; Gen. Stat. 1899, § 383.)

Is the requirement of the amended law mandatory, so that the omission to file the schedule will render an assignment already made inoperative and void ?   It was competent for the legislature to declare that the

deed should not take effect until the schedule was filed, or that the omission to file the latter should defeat the assignment, but no such provisions are to be found in the statute.   While the statute requires that the schedule be filed within a certain time, it does not declare that it shall not be done afterward, nor what the effect of the omission to file will be.   The making and filing of an assignment and the making and filing of a schedule are, as we have seen, separate acts, which may be done at different times, and the instruments, when made, are to be filed in different offices.   The language of the statute plainly shows that the legislature contemplated that the assignment should be first made.   Under the common law, a schedule or inventory was not necessary to the validity of the assignment, and for many years no such schedule was required in Kansas, and, in the absence of prohibitory provisions in the statute, it would seem that the deed would become operative as a transfer of the property when it was made and recorded.   That instrument, if made in good faith, gives title to the assignee, who is not affected by the failure of the assignor to perform other duties which the law requires him to do after the assignment is made.   The requirement of a schedule is mainly for the benefit of the creditors, and to enable the clerk of the district court to notify them, so that they may meet within thirty days after the making of the assignment and choose a regular assignee.   The matter of the assignment is within the control of the district court, and any duty omitted may be enforced, and the court may go so far even as to place the possession of the property temporarily in a receiver.   In view of the language of the statute and the purposes to be accomplished by it, we conclude that under the ordinary rules of in-

terpretation the statute is directory, rather than man-
datory, and that the mere omission to file a verified
schedule until the following day did not affect the va-
lidity of the assignment. (*Swart v. Thomas,* 26 Minn.
141, 1 N. W. 830; *Steinlein v. Halstead,* 52 Wis. 289,
8 N.W. 881; *Cribben and others v. Ellis, Garnishee, etc.,*
69 Wis. 337, 34 N. W. 154; *Juliand v. Rathbone,* 39
Barb. 97; *Evans agt. Chapin,* 20 How. Pr. 289; *Black
v. Weathers and another,* 26 Ind. 242; *Hardcastle v.
Fisher,* 24 Mo. 70; *Hardmann v. Bowen,* 39 N. Y. 196;
*Brennan et al. v. Wilson et al.,* 71 N. Y. 502.)

It having been determined that the assignee who
had possession of the property when the attachment
was levied obtained a good title by the assignment,
the question as to his right to attack the attachment
becomes unimportant.

For the error mentioned the judgment will be re-
versed, and the cause remanded for further proceed-
ings.