No. 24,999.

John Bertenshaw, *Appellee*, v. (C. E. Klag et al., *Appellees*), H. W. Koeneke, *Appellant*.

### SYLLABUS BY THE COURT.

1. Assignment for Benefit of Creditors—*Failure of Trustee to Give Bond—Trust Not Defeated.* Omission of the trustee to give bond and other nonobservances of statutory requirements subsequent to valid assignment to a trustee for benefit of creditors, will not defeat the trust or impair the trustee's title.

2. Same—*Trustee in Bankruptcy Subsequently Appointed—Right of Trustee in Bankruptcy to Recover Assets in Hands of Assignee for Creditors.* A trustee in bankruptcy, appointed pursuant to adjudication made in a proceeding commenced more than four months after recording of an assignment for benefit of creditors, valid under state law, may not recover assets in the hands of an assignee for creditors, by virtue of either section 70*a* or 70*e* of the bankruptcy act.

Bertenshaw v. Klag *et al.*

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed December 6, 1924. Reversed.

*Paul H. Kimball, Webster W. Kimball,* and *C. J. Taylor,* all of Parsons, for the appellant.

*E. L. Burton* and *Carl V. Rice,* both of Parsons, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one of replevin by a trustee in bankruptcy to recover money and property in the hands of a trustee to whom the bankrupt transferred his property for the benefit of creditors. Plaintiff recovered, and the trustee for creditors appeals.

Klag filed a voluntary petition in bankruptcy. Pursuant to negotiation with some of his creditors, he executed and delivered a deed of assignment of all his property, real and personal, to Koeneke, as trustee for the benefit of creditors. The deed recited acceptance of the trust, was signed by Koeneke, was duly recorded, and the bankruptcy proceeding was dismissed. After the deed was recorded the statute relating to assignment for benefit of creditors was not observed, but Koeneke took steps for protection of the estate, and when the action was commenced had received $1,597.96, had disbursed $1,072.60, and still had in his possession property described in the deed. More than four months after the deed had been recorded a second voluntary bankruptcy proceeding was commenced, in which plaintiff was appointed trustee. The district court found the trust deed was made in good faith, and became operative and binding as a conveyance, but held the trustee in bankruptcy was entitled to recover from the trustee for creditors the unexpended balance and the property in the latter's hands. The trustee for creditors appeals from the judgment vesting possession of the estate in the trustee in bankruptcy, and the latter notes a cross-appeal from the following conclusion of law stated by the court:

"The bankruptcy proceedings under which plaintiff was appointed as trustee having been instituted more than four months subsequent to the execution and record of the deed of assignment, the assignment was valid and binding, and whatever was done under its provisions down to the date of filing the petition in bankruptcy on the 23d day of December, 1921, was likewise valid and binding. . . ."

The trustee for creditors alleged in his answer that the deed did not effect a statutory assignment for benefit of creditors, but was a plain trust deed for the benefit of creditors, and that Klag filed the

12—117 KAN.

second petition in bankruptcy in a belated effort to defeat execution of the trust. The deed will be regarded here as the district court seems to have regarded it, and the result is, two questions are presented: Was the assignment for benefit of creditors valid at all as against the trustee in bankruptcy, and if it was valid, is he entitled to possession of the estate now in the hands of the assignee?

The characterstic feature of an assignment for benefit of creditors is that it creates a trust. All the debtor's property is transferred to a trustee, for benefit of all his creditors. Authority of the district court of the proper county attaches when the trust is created (*Blair v. Anderson*, 61 Kan. 374, 59 Pac. 644) and, as in other cases of trust, the court will not permit the trust to fail. Creation of the trust belongs in one category, execution of it in another, and non-observance of statutory requirements subsequent to valid creation will not defeat the trust.

The trustee in bankruptcy makes much of the fact that the assignee gave no bond. His omission did not defeat the assignment (5 C. J. 1198). If he were not responsible for the amount of the property, the court had authority to appoint a receiver (R. S. 60-1342), and had authority to cite him to show cause why he should not be removed for failure to give bond (R. S. 60-1329). On return of the citation, the court had authority to require him to give bond or suffer dismissal. The same procedure applies for failure to file an inventory. Creditors for whose benefit the trust was created may insist that the trust be administered according to the statute, but the trust itself is not nullified by departing from the statutory procedure.

Plaintiff cites the case of *Dudley v. Whiting,* 10 Kan. 47, in which the court held a voluntary assignment for benefit of creditors was void because the assignee did not give bond before he took possession. That case was decided under the act of 1860 (Compiled Laws 1862, ch. XIV), which expressly provided that a voluntary conveyance with a view to insolvency should be void unless the assignee should give bond before taking upon himself execution of the trust.

The distinction between creation and administration of a trust for benefit of creditors may be illustrated by considering the provisions of R. S. 60-1343. The trustee named in a deed of assignment is a temporary appointee only. His authority is limited to control and safe-keeping of the property until the creditors select a permanent assignee. He may do whatever is necessary to protect

Bertenshaw v. Klag *et al.*

their interests (*Chapin v. Jenkins,* 50 Kan. 385, 392, 393, 31 Pac. 1084), but manifestly he could not defeat the trust itself by either omission or misconduct. In this instance, the court found that the assignee has acted in good faith, and that, except for payment of costs of the first bankruptcy proceeding and attorney fees—of which nobody complains—his expenditures have been necessary for protection of the estate. If this were not so, the assingment would not be invalid merely because the assignee transcended or abused his power. As indicated above, the primary test to be applied in determining whether an instrument is an assignment for benefit of creditors is, does it create a trust for creditors? (*Dry Goods Co. v. Carson,* 59 Kan. 295, 298, 52 Pac. 880) and the following observations of the court are as pertinent to good-faith assignments for benefit of creditors as to ordinary trust deeds for payment of debts:

"In dealing with trusts of this character, courts will not allow the trust to fail or to be defeated, by the refusal or neglect of the trustee to execute the same; nor for any act or omission of the trustee; nor even for want of a trustee. . . . Trust deeds for the payment of debts have always been favorably regarded in equity, and they will be supported, if possible, notwithstanding any informality which might have invalidated them at law. As far as possible the intention of the parties is to be pursued, and the general object and purpose of the trust will be carried out. No technical construction will be permitted to defeat the interests of the beneficiaries, nor can the trustee after having accepted the trust defeat the same by his own act." (*Jamison, Trustee, v. Bancroft,* 20 Kan. 169, 183, 184.)

The finding of the court that the trust was properly created is not disputed. The trust deed was executed in good faith, and all the formalities of the statute were observed except one. No schedule of liabilities was filed by the assignor on the day the deed was executed, as R. S. 60-1342 requires. In harmony with the weight of authority (5 C. J. 1125), this court has held that the statute is directory, and that omission of the assignor to file the schedule does not impair validity of the assignment itself or affect the passing of title to the trustee.

"The language of the statute plainly shows that the legislature contemplated that the assignment should be first made. Under the common law, a schedule or inventory was not necessary to the validity of the assignment,. and for many years no such schedule was required in Kansas, and, in the absence of prohibitory provisions in the statute, it would seem that the deed would become operative as a transfer of the property when it was made and recorded. That instrument, if made in good faith, gives title to the assignee, who is not affected by the failure of the assignor to perform other duties which

the law requires him to do after the assignment is made. The requirement of a schedule is mainly for the benefit of the creditors, and to enable the clerk of the district court to notify them, so that they may meet within thirty days after the making of the assignment and choose a regular assignee. The matter of the assignment is within the control of the district court, and any duty omitted may be enforced." (*Blair v. Anderson,* 61 Kan. 374, 376, 59 Pac. 644.)

This being true, the district court's conclusion that the assignment was valid and binding was correct, and the cross-appeal of the plaintiff is not well grounded.

Under section 70*a* of the federal bankruptcy act, the trustee in bankruptcy takes the title of the bankrupt as of the date of the adjudication. In this case, legal title of the bankrupt passed from him completely and irrevocably when the assignment for benefit of creditors became operative, and, while execution of the deed was an act of bankruptcy, the act was unavailable to the trustee in bankruptcy because the deed was recorded more than four months before the petition was filed. The only interest the bankrupt had in the property after his deed was filed was the remote equitable interest contingent upon existence of a surplus after execution of the trust. This interest the trustee in bankruptcy acquired, but no more. It does not entitle him to possession of assets in the hands of the assignee. (7 C. J. 169 *et seq.; In re Shinn,* 185 Fed. 990.)

Under section 70*e* of the bankruptcy act, the trustee in bankruptcy may avoid any transfer made by the bankrupt which creditors might have avoided. The trustee may not, however, avoid a transfer valid as to creditors under the state law, and the transfer under consideration was valid. The trust deed was executed and the first bankruptcy proceeding was dismissed pursuant to negotiation between Klag and some of his creditors. A list of those creditors was attached to the deed of assignment, and the recording of the trust deed was notice to all creditors. It does not appear that any of them are dissatisfied with the conduct of the trustee for creditors. If any of them should become dissatisfied, their sole remedy is by proceedings in the state court to effectuate the assignment for benefit of creditors.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for the trustee for creditors.