ALBANY,
Jan. 1813.

Kip
v.
BANK OF N. Y.

Judgment for the plaintiff.

———⚙———

## E. AND S. KIP *against* THE BANK OF NEW-YORK.

THIS was an action on the case. The plaintiffs, *Elbert* and *Samuel Kip*, were bound with and for *Samuel Haring*, in an obligation for 1,000 dollars, and having respectively lent their notes to, or endorsed notes for, *Samuel Haring* and *Henry Willers*, partners, under the firm of *Haring & Willers*, for their indemnification and security, *Haring & Willers* executed a deed, or assignment, dated 1st of *June*, 1811, of all their stock in trade, securities for the payment of money and personal estate, in trust, to pay and indemnify them against their bond for 1,000 dollars, given to *Mary Bowers*, and against their notes and endorsements, which were enumerated, amounting to 6,976 dollars and 52 cents, and giving the plaintiffs full power to dispose of the property assigned, for the purpose of such trust, returning the surplus to them the said *Haring & Willers*, &c. Under this assignment the plaintiffs sold, at public auction, all the estate and effects assigned to them, and paid the bond and the notes aforesaid, for which *E. Kip* was bound ; and there then remained of the fund arising from such sale, after the full indemnification of *Elbert Kip*, the sum of 1,986 dollars and 24 cents, which *Samuel Kip* deposited in bank, with the defendants, on the 3d of *December*, 1811, in his own name. *Samuel Kip* became insolvent in 1811, and afterwards obtained his discharge. None of the notes lent by *Samuel Kip* to *Haring & Willers*, nor any of the notes endorsed by him for them, were paid by him or them, but were protested, so as to make the parties liable to the holders for the payment, and have been taken up, and are now held by third persons against him. On the 15th of

Under an assignment of a bankrupt or insolvent's estate, no other estate vests in the assignee than that of which the bankrupt or insolvent had the legal or equitable title. Property held in *trust* does not pass under a bankrupt commission, or by the assignment of an insolvent. And if the property held in *trust* remains in *specie*, or in goods, or notes, or other *choses in action*, the *cestuy que trust* is entitled to the property, and not the general creditors of the bankrupt, or insolvent. And though the trust property is converted into money, yet if it is kept separate and distinct, so that it can be traced and distinguished from the general mass of the insolvent's estate, it will go to the *cestuy que trust.*

Where two joint trustees sold the property held in trust, and one of them deposited the money in the bank, in his own name, where it remained; and being insolvent, afterwards assigned all his estate, under the act; it was held that his general creditors were not entitled, under the assignment, to the money so deposited.

ALBANY,
Jan. 1813.

KIP
v.
BANK OF N. Y.

*January*, 1812, *Samuel Kip* assigned all his estate, under the insolvent act, and his assignees, by virtue of that assignment, now claim the sum so deposited with the defendants, as part of his estate. The holders of the notes made and endorsed by *Samuel Kip*, also claim the same sum, as being part of the fund, the legal title to which is in the plaintiffs, as trustees for them, and for the payment of those notes: and the present suit was brought by the plaintiffs, by the direction of the holders of the notes, to recover of the defendants the sum so deposited with them.

The plaintiffs and defendants were mere *nominal* parties; the real plaintiffs being the holders of the notes; and the real defendants the assignees of the general creditors of *Samuel Kip*, the insolvent.

A *relicta* and *cognovit* for the sum deposited, were given by the defendants, subject to the opinion of the court, on a case containing the facts above stated.

*S. Jones,* jun. for the plaintiffs, contended, that the money in question did not pass to the assignees of *Samuel Kip;* and if it did pass by that assignment, they now hold it as trustees for the note-holders, and not for the general creditors of *Samuel Kip*.

* 1 *Cooke's B.*
*L.* 401—409.
1 *Atk.* 101.
232. 2 *Ves.*
286. 1 *P.*
*Wms.* 314. 1
*Bu* r. 481. 3
*P. Wms.* 135.
2 *Bl. Rep.*
1154 5 *Term*
*Rep.* 215.

A *trust fund* does not pass by the assignment of a bankrupt's estate.* The only question is, whether the fund remains in such a state that it can be taken and specifically appropriated to the object of the trust; or whether it has been so blended in the mass of the bankrupt's property, that it cannot be distinguished. Here the fund has been kept separate and distinct by the defendants.

Again, if the assignees of *S. Kip* take the fund, they must take it precisely as he would have held it, that is, in *trust;* and it is a joint trust in the plaintiffs, and could not, therefore, pass under a separate assignment. Should it be objected that the *trust,* in this case, is in such a form that the holders of the notes cannot directly claim the benefit of it, then, it is contended, that the trust *results* to *Haring & Willers;* for where a trust is not aptly declared, it does not, therefore, fail, but results for the benefit of the person creating it.†

† 4 *Br. C. C.*
490. 3 *Ves.*
jun. 467.

The general creditors of *S. Kip* are not entitled, in law or equity, to the benefit of this fund. They never trusted him on the credit of it.

*D. B. Ogden*, contra, insisted, that where property, deposited in trust for a specific purpose, is converted into money, that money goes into the general mass of the trustee's property, and the *cestuy que trust* cannot claim it; and if the trustee is a bankrupt, it will go to his general creditors. It is a general answer to all the cases cited by the counsel for the plaintiffs, that the principle for which he contends applies only where the property is not converted into money. Again, this property, after being converted into money, was, in regard to the sum in question, diverted from the trust, and appropriated by *S.˙Kip* alone, who deposited the money, in his own name, in the bank.

The general creditors of *S. Kip* are entitled to this fund, on principles of equity, for the notes remain as a demand on his general estate, which is liable for the payment of them.

*Per Curiam.* It is a rule well settled by the authorities cited by the counsel for the plaintiffs, that no estate vests in the assignees of a bankrupt but that of which the bankrupt had the legal and equitable title. Property that he held in trust never passes by the commission, and if that property consists of goods remaining in specie, or of notes and other *choses in action*, the *cestuy que trust* is entitled to the property, and not the creditors at large. The only check to the operation of the rule is, when the property is converted into cash by the bankrupt, and has been absorbed in the general mass of the estate, so that it cannot be followed or distinguished. It is the difficulty of tracing the trust-money, which has no ear-mark, that prevents the application of the rule. But here that difficulty ceases, for the money, which was the proceeds of the trust goods, was kept separate and distinct, and deposited as such with the defendants. (Lord *Kenyon*, 5 *Term Rep.* 227.) The rule of equity and of law is the same in such cases, and the defendants are clearly accountable to the plaintiffs, and not to the assignees, for the money did not pass to the assignees of *Samuel Kip*. It ought to be applied to the payment of the notes referred to in the case, and for the discharge of which the trust was originally created.

Judgment for the plaintiffs.