### KEYES vs. BRUSH.

Where an absolute assignment of all the assignor's property and choses in action, contained a provision that the assignor would, with all convenient speed, make out an inventory of such property and choses in action, and which inventory, when made out, was to be considered a part of the assignment; it was held that the assignment conveyed a present interest to the assignee, and that its taking effect did not depend upon the making out of the inventory.

If the assignor neglects to furnish the schedule required by the assignment, the assignee may file a bill for discovery against him, and also to obtain a delivery of the books and securities; and he will also be entitled to an injunction against the assignor restraining him from wasting the property.

Where an insolvent debtor assigns all his property to his surety for his indemnity, the surety is entitled to the possession of the property so assigned, in order to discharge the responsibilities which he has assumed for the debtor.

The creditors of the insolvent debtor to whom the surety is liable, can also compel the appropriation of the property in the manner directed by the assignment.

If the assignee becomes insolvent, the assignor may apply for the appointment of a receiver to execute the trusts declared in the assignment.

THIS was a motion to dissolve the injunction, heretofore issued in this cause, restraining the defendant from collecting or selling, assigning and transferring certain debts, choses in action, goods and other property assigned to the complainant to indemnify him as endorser and security for the defendant, and to pay off the debts for which the complainant had become responsible.

Nov. 16th.

*J. O. Morse & M. T. Reynolds*, for the complainant.

*Alvan Stewart*, for the defendant.

THE CHANCELLOR. The defendant is under a mistake in supposing that the assignment of the 26th of May, 1830, was inoperative in consequence of his neglect or refusal to make out and annex thereto a schedule or inventory of the property and effects assigned. The assignment was absolute and conveyed a present interest to the complainant in all the property, choses in action, and effects of the defendant. The part of the agreement relied on by the defendant as condi-

1830.

Keyes
v.
Brush.

tional, after making an absolute grant and conveyances of all the property, effects and choses in action of the defendant of every description, concludes as follows: "A just and true inventory of all which books, book accounts, debts, bonds, notes, demands, goods, chattels and property, is to be made out in writing by the said E. Brush with all convenient speed, and to be annexed hereto, and be made and considered a part of this indenture of assignment." The annexation of the schedule was not a condition precedent, upon the performance of which the assignment was to take effect. The neglect to specify the particular property and effects intended to be conveyed, might furnish a presumption of fraud in a suit between the assignee and other creditors of the defendant; and for that reason, as well for the convenience of all parties, it was proper to insert that clause in the covenant. A similar question recently came before the supreme court of Massachusetts, in *Emerson* v. *Knower*, (8 Pick. Rep. 63.) and it was there held that the assignment was valid and binding on the assignee, although the assignor had neglected to make out and annex the schedule according to his agreement. In the case before me the intention of the parties is perfectly manifest; for it was, in and by the assignment, agreed and declared that the assignee should immediately take into his possession the assigned property, and which was to be specified in the inventory that Brush was to make out with all convenient speed.

But it is said this was a hard and unconscientious agreement which this court ought not to aid the complainant in enforcing. If this was only an agreement on the part of the defendant to give a preference, the specific performance of which might deprive the defendant of the benefit of the insolvent acts, this court would certainly hesitate long before it would decree a performance. I am satisfied however that the preference has already been given, and that the legal interest in the tangible property, and the equitable interest in the choses in action, is already in the complainant. The property cannot therefore be reached by other creditors until the debts for which Keyes is responsible are first satisfied. The only question now is whether the insolvent assignor shall be

permitted to appropriate the proceeds of the property to his own use, or shall allow them to be received and applied to the satisfaction of these particular debts. The creditors of Brush, to whom the complainant is responsible, have now an interest in this question; and may, if they please, compel an appropriation of the property to the objects of the trust in the manner contemplated by the assignment. If the assignee is irresponsible, even the defendant has such an interest in the property as would authorize him to apply for the appointment of a receiver to collect and apply the proceeds of the assigned property to the purposes of the trust.

The remedy of the complainant at law was not complete. As the defendant had neglected to comply with his agreement to furnish an inventory of the assigned property, it was necessary for Keyes to come here for a discovery thereof, and to obtain a delivery of the books and securities. It was also necessary to come to this court for injunction to prevent the property from being wasted by the defendant. The court having obtained jurisdiction of the suit for these legitimate purposes, will now retain it for the purpose of having the property collected and applied to the objects of the trust. The answer, so far as it is responsive to the bill, shows that the injunction does not restrain the defendant from doing any thing which he has a legal or equitable right to do. The injunction must therefore be retained until the further order of the court. Either party is to be at liberty to apply for a receiver, on due notice of such an application, to collect the trust funds, and to preserve them pending this litigation; and the costs of the present motion are to abide the further order of the court.