IN THE

# SUPREME COURT OF ARKANSAS,

## At the January Term, 1861.

HARVARD
LAW SCHOOL
LIBRARY.

[CONTINUED FROM VOL. XXII.]

---

BARKMAN ET AL. VS. SIMMONS.

Where a deed of assignment, for the benefit of creditors, purports to convey *all* of the debtor's property, and refers to a schedule as thereto attached, the assignment operates on the articles specified in the schedule; but if no schedule is annexed, the deed is inoperative.

Such deed of assignment, being limited and controlled by the schedule intended to be attached to it, is a special, not a general, assignment; and as by the schedule alone it can be ascertained what articles were intended to be conveyed for the benefit of the creditors, the failure to attach the schedule, renders the deed insensible, and parol evidence cannot be resorted to, as in case of a general assignment, to render it operative and effective.

*Appeal from Ouachita Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

LYON, for the appellant.

The Circuit Court erred in excluding from the consideration of the jury, the deed of assignment, executed by Lockwood and Phillips, for the benefit of their creditors. The deed was for a fair and meritorious consideration; and divested Lockwood and Phillips of all ownership of the property at the the time the attachment was levied, at the suit of the defendant. It conveyed all their lands within the State, and all their goods and chattels— necessarily including the clocks, for the conversion of which, the present suit is brought. This was a general assignment of all the debtors' property, and no schedule was, therefore, necessary; the deed, itself, was sufficiently descriptive of the property, and the schedule intended to be annexed, was for the convenience of parties in accounting for the proper disposition of the proceeds of sale. *Hatch vs. Smith*, 5 *Mass.* 42; *Robins et al. vs. Embry et al.*, 1 *Sm. & Mar. Ch. Rep.* 207.

No schedule being necessary, the deed being sufficiently comprehensive to pass all of the debtor's property, the omission to attach one did not render the deed inoperative. *Emerson vs. Knower*, 8 *Pick.* 63; *Duval vs. Raisin*, 7 *Misso.* 449.

GALLAGHER, for appellee.

The only point in this case is, did the Circuit Court err in rejecting the deed offered as evidence by the plaintiffs below.

It is respectfully insisted that the deed was properly rejected, because it was defective in a most essential particular, and therefore inoperative and void. It purported to convey personal property as per schedule annexed; no schedule was annexed; the deed, therefore, was not perfected, and no property could be transferred by it. *Driscoll et al. vs. Fiske et al.*, 21 *Pick.* 503; *Wilks vs. Ferris*, 5 *John.* 335.

It being clearly the intention of the parties, as expressed in the deed, that a schedule, descriptive of the articles intended to be conveyed, should be attached to it, the deed itself was inoperative, and nothing whatever passed by it, for

want of the schedule, upon which it depended, and upon which its provisions acted, and without which it was imperfect.

Mr. Justice Compton delivered the opinion of the court.

Barkman and Dickerson brought trover against Simmons, for the conversion of twenty-four clocks. The only facts necessary to be stated are the following: the clocks were attached as the property of Lockwood & Phillips, on the 3d of July, 1855, and sold under execution, in August following, at the suit of the defendant, who was their creditor. The plaintiffs claimed title to the clocks under a deed of assignment executed to them as assignees, by Lockwood & Phillips, for the benefit of creditors, dated 21st June, 1855. This deed was read in evidence, and contained a description of the property conveyed, as follows: "All and singular the lands and tenements, hereditaments, appurtenances, situate, lying, and being within the State of Arkansas, and all goods, wares, merchandise, chattels, notes, bills, bonds, judgments, evidences of debts, securities and vouchers for and affecting the payment of money, claims, demands, things in action, and property of every name and nature whatsoever of and belonging to the said parties of the first part, (and which are more particularly and fully enumerated and described in the schedule hereto annexed, and marked schedule A)." No schedule was, in fact, attached to the deed, and upon that ground the court, on motion of the defendant, excluded it from the consideration of the jury, as evidence in the cause; and the ruling of the court upon this point is the only question presented for our determination.

The position assumed by the counsel for the plaintiffs below— who are appellants here—is, that, inasmuch as the deed purports to pass the entire personal estate of Lockwood & Phillips to the assignees, no schedule was necessary, and none being necessary, the omission to attach one did not render the deed inoperative, notwithstanding it is stated in the deed that a schedule was attached. In this, we do not concur. It is conceded that, under the general description in the deed, all

the personal property of Lockwood and Phillips would have passed, had no mention been made of a schedule "annexed." Such a general description has been held to be sufficient, because, upon investigation, every particular might be ascertained. (*Hatch vs. Smith*, 5 *Mass.* 42; *Robins et al. vs. Embry et al.*, 1 *Sme. & Mar. Ch. Rep.* 207.) But where, as in this case, the deed purports to convey, in general terms, *all* the debtor's property, and refers to a schedule as being thereto annexed, for a more specific description, the assignment is not a general one, that is, it does not pass the debtor's entire estate, but operates only on the articles specified; and this, upon the general principle of construction, that if a general clause in an instrument be followed by special words which accord with the general clause, the deed shall be construed according to the special matter. *Wilks vs. Ferris*, 5 *John.* 335; *Munro vs. Alaire*, 2 *Caines* 327; *Driscoll vs. Fiske*, 21 *Pick.* 503; *Beard vs. Kimball*, 11 *N. Hamp.* 458. In *Wilks vs. Ferris, supra,* the property was described to be "all the goods, property, wares, merchandise, chattels, vessels, debts, sum and sums of money, claims and demands, and effects, belonging to, and now due and owing to, the said Henry Cheriot, or to which, and in which, he has any right, property, claim, or demand—which said goods, wares and merchandise, hereby granted and sold, are particularly described and enumerated in the schedule A, signed by the said Henry Cheriot, and to these presents annexed," etc. And the court said: "This was not in fact, a general assignment of *all* Cheriot's estate; for though the words, in one place, be general, yet the assignment immediately goes on to specify, by a reference to the schedule, the specific articles of property assigned; and it therefore could operate only upon the articles specified."

In *Driscoll et al. vs. Fiske et al., supra,* the debtors were partners, and assigned "all their books, stock in trade, printing apparatus and machinery, books of accounts, book debts, notes, and demands, and all their other property, of every name and nature, except such as is exempt from attachment, most of the

same being now at their place of business, a schedule of which is annexed," etc. The schedule contained three items, viz : "Stock of books in store; printing presses and materials ; notes, demands, etc." Afterwards, the furniture of one of the partners, being then in his possession, was attached by a creditor. It was held, that the words of the assignment, though broad enough in themselves to comprise the furniture, were restricted by the schedule ; and that parol evidence that the assignment was intended to embrace the furniture was inadmissible, because it would vary the written instrument.

The deed of Lockwood & Phillips not being, then, a general assignment, but a special one, operating alone on the articles specified, in the schedule, we can look to the schedule only, to ascertain what those articles were, and whether the clocks in controversy were embraced. We cannot, for this purpose, resort to parol evidence, as in case of a general assignment; because, the deed states that the schedule was annexed, specifically describing the property assigned. It was undoubtedly the intention of the parties that a schedule should be attached to, and made a part of, the deed at the time it was executed, and without such schedule the deed was, in contemplation of law, incomplete, and therefore inoperative and void, as against creditors, at least, and *perhaps* as between the parties themselves. In *Moir vs. Brown*, 14 *Barb.* (*S. C.*) 39, decided by the Supreme Court of New York, the language of the deed of assignment was, " all and singular the lands, tenements and hereditaments, situate, lying and being within the State of New York, and all the goods, chattels, merchandise, bills, bonds, notes, book accounts, claims, demands, choses in action, books of accounts, judgments, evidences of debt, and property of every name and nature whatever, of the said parties of the first part, (the debtors,) more particularly enumerated and described in the schedule hereto annexed, marked schedule A." The schedule was not attached at the time the deed was executed, nor until after the property assigned had been levied on at the suit of a creditor, and the commencement of a suit

against the sheriff: And it was held that the schedule, containing a specification of the property conveyed, would have controlled and limited the general words of the assignment; that such schedule not being annexed, the assignment was insensible, and, as against creditors, did not convey the property to the assignees, and that parol evidence in relation to the schedule not annexed, was inadmissible to explain, vary or affect the sealed instrument—though such instrument was imperfect without it. In delivering the opinion of the court in this case, HAND, J., after quoting the language of the assignment, said: "Clearly this schedule contained the personal estate, and the only personal estate transferred. It would control and limit the general words, by every sound rule of construction. (*Wilks vs. Ferris*, 5 *John.*, 335; *Munro vs. Alaire*, 2 *Caines*, 327; *Roe vs. Vernon*, 5 *East.*, 51; *Doe vs. Greathead*, 8 *id.* 91). And until that was annexed, the instrument would be inoperative. It conveys all the real estate in this State. But to the schedule we are to look for a specification of the personal property; and the assignors may say, nothing more was conveyed; only that which was thus 'more particularly enumerated and described.'" After discussing several adjudications bearing upon the point, the same learned judge proceeds to say: "The schedule, had it been annexed, would have been valid, and would have controlled the assignment, making it an assignment of certain specific articles. That was what all parties intended to do, but left the instrument inchoate and imperfect in a most material part. The assignment proposed by the parties was never executed. How was it possible for the assignees, even as between them and the assignors, to show title to a single article? The schedule was, until annexed, no part of the deed, and could not be proved to explain, vary or affect the sealed instrument. All the cases in which this has been allowed, were by a memorandum made on the deed before or at the time of the execution; or by some plain reference to another separate instrument. Here, the reference is to a schedule annexed, and there was none. This was the portion of the deed necessary

to give force and effect to the conveyance; and without which it was impossible to know what was tranferred."

So, in *Weeks vs. Maillardet*, 14 *East*, 568, the defendant, by articles under seal, bound himself to deliver to the plaintiff, "the whole of his mechanical pieces, as per schedule annexed." In covenant for breach of the contract in not delivering the pieces, it was held that the schedule formed part of the deed, which, without it, would be insensible; and that it was competent for the defendant upon *non est factum* pleaded, to show in defence, that at the time the articles were executed, the schedule was not annexed, but was, in fact, afterwards subscribed and annexed by the witness to the articles, who was the agent of both parties, immediately after the execution of the articles, and after one of the parties had left the room—and this, though the pieces mentioned in the schedule so annexed were such as had been agreed upon by the parties before the execution of the articles. LORD ELLENBOROUGH, C. J., said: "The whole deed was inoperative, unless the schedule was co-existing with it, and forming part of the obligation. Taken by itself, the deed is insensible, and has no object to operate upon: therefore, it is not the defendant's deed without the schedule, which gives effect and meaning to the whole of the duties to be performed on either side. The articles assume that at the time of their execution the schedule was annexed; and if there were then no schedule, there was no deed for any sensible purpose; for no duty could be demanded on the one side, or performed on the other side without the schedule."

The case of *Emerson vs. Knower*, 8 *Pick*. 63, is not an authority in conflict with the views above expressed. In that case the deed of assignment contained a provision that a schedule of the property should be made out and annexed "as soon as may be." The court correctly held that annexing a schedule was not a condition precedent to the operation of the deed, and that the omission to annex it did not make the deed void, or defeat its operation—though the provision might amount to a covenant that the debtor would, whenever it should be re-

HARVARD
LAW SCHOOL
LIBRARY

quired, make out and annex such schedule. The reason for this decision is obvious. The parties did not *intend* that the annexation of the schedule should be essential to the operation of the deed. " The property passed," says the court, " and was intended to pass before any schedule should be taken. The assignee had power, after the execution, to demand the property of all those in whose hands it had been placed, and though a schedule might be convenient, it was by no means essential to the contract, the property and the place where it was to be found, being specifically mentioned in the body of the indenture. The qualification of the provision in regard to the schedule, that it was to be made out and annexed *as soon as may be*, proves that it was not considered by the parties as affecting the validity of the assignment. It was for the convenience of the assignee and the creditors, and perhaps amounts to a covenant on the part of the defendant, that he would, whenever it should be required, make this annexation to the indenture." Whereas, in *Moir vs. Brown* and *Weeks vs. Maillardet, supra*, as also in the case before us, it was the intention of the parties that the schedule should be made a part of the deed at the time of its execution, as shown in each case by the face of the deed itself.

*Duval vs. Raisin*, 7 *Missouri*, 449, has been much relied on. It is said to be in point for the appellants. The precise question we are considering seems not to have been raised in argument, nor passed upon by the court; though, from the facts in the case, as given by the reporter, it might have been. The case turned chiefly upon other points, the court merely remarking, that " the neglect or delay " in making out the schedules, could not render inoperative the deed of assignment, the assignee, in such cases, having the right in equity to compel " a delivery of the books and securities "—citing *Keys vs. Brush*, 2 *Paige Ch.* 312, where it was decided, as in *Emerson vs. Knower, supra*, that the annexation of a schedule to the deed of assignment pursuant to a provision in the deed, by which a schedule " to be annexed," was to be made out by the assignor

" with all convenient speed," was not not a condition precedent to the operation of the deed—the chancellor holding it to be the manifest *intention* of the parties, as collected from this and other provisions in the assignment, that the deed should operate without the schedule. But if *Duval vs. Raisin*, *supra*, could be considered—and we think it cannot be—as a decision in point for the appellants, we should not hesitate to dissent from it as being unsound in principle and unsupported by authority.

Finding no error in the record, the judgment of the court below is affirmed.