## ALLEN'S EXECUTOR *vs.* ROLL.

1. *Cestuis que trust* are necessary parties to a bill for foreclosure by their trustee.

2. An allegation in the answer, as a defence to a bill for foreclosure of a purchase money mortgage, that "part" of the land intended to be con-

veyed, has been omitted from the description by metes and bounds, without stating what part, or whether the land is not otherwise sufficiently described to be fully identified, is insufficient.

3. The defence of an alleged error in his deed cannot avail the defendant under his answer to a suit for foreclosure of a purchase money mortgage.

4. A defendant can have positive relief against the complainant, even as to the subject matter of the suit, only by cross-bill.

On exceptions to master's report upon exceptions to answer.

*Mr. B. A Vail,* for complainant.

*Mr. T. H. Shafer,* for defendant.

THE CHANCELLOR.

This case comes before me on two exceptions filed by the defendant, to the report of a master upon exceptions to the answer. The suit is for the foreclosure of a mortgage given to the complainant's testator, as guardian of certain infants, on the 13th of April, 1866, to secure the payment of part of the purchase money of land of the infants, sold to the defendant and Ferdinand Blancke, under an order of the Orphans Court of the county of Union. The exceptions to the answer were three in number. The master reported that the first was not well taken, but that the other two were. The second exception to the answer is to the objection therein made, that the *cestuis que trust* ought to have been joined with the executor as parties to this suit. The third is to the defence set up in the answer, that the deed of conveyance from the guardian to the defendant and Blancke, is defective in its description by metes and bounds of the land intended to be conveyed thereby.

The mortgage in suit is not assets in the hands of the complainant. He holds it merely as his testator held it, as trustee. *Deering* v. *Torrington,* 1 *Salk.* 79 ; *Kip* v. *The Bank of New York,* 10 *Johns.* 63 ; *Dias* v. *Brunell's Executor,* 24 *Wend.* 9 ; *Moses* v. *Murgatroyd,* 1 *Johns. Ch.* 119 ; *Perry on Trusts,* § 344 ; *Willis on Trusts* 53, 111 ; *Trecothick*

v. *Austin,* 4 *Mason* 16; *De Valengin's Adm'rs* v. *Duffy,* 14 *Peters* 282; *Banks* v. *Wilkes,* 3 *Sandf. Ch. R.* 99; *Bowman* v. *Rainetaux, Hoffm.* 150; *Matthews on Executors* 119, 243. Said Justice Story, in Trecothick *v.* Austin: "Executors are charged with no more, in virtue of their office, than the administration of the assets of the testator. If, at the time of his death, there is any specified personal property in his hands belonging to others, which he holds in trust or otherwise, and it can be clearly traced and distinguished from the testator's own, such property, whether it be goods, securities, stock, or other things, is not assets to be applied in payment of his debt, or to be distributed among his heirs, but is to be held by the executors as the testator himself held it." Therefore, according to the settled rule, the *cestuis que trust* should be parties to the bill. *Story's Eq. Pl.,* § 201; *Stillwell* v. *McNeely,* 1 *Green's Ch.* 305; *Large* v. *Van Doren,* 1 *McCart.* 208; *Cool's Executors* v. *Higgins, ante, p.* 117. The second exception to the answer was not well taken. The first exception to the report must, therefore, be sustained.

The answer as to the defence above alluded to, based on the alleged defects in the deed of conveyance, is insufficient. It alleges that "part" of the land intended to be conveyed has, by the alleged error, been omitted from the description by metes and bounds, but what part, and whether much or little, and whether the land is not otherwise sufficiently described to be fully identified, cannot be gathered from the answer. It admits that the contents—the number of acres—are correctly stated. No eviction is alleged, nor any failure to obtain possession of all the land purchased. No ejectment has been commenced. No fraud is imputed, but a mistake, merely, in the respect above mentioned. Nor does the answer state or disclose whether the error is essential or not.

The defendant insists that he ought not to be required to pay the money due on the mortgage, until the deed be corrected. The answer seeks affirmative relief—the re-formation of the deed. Apart from the consideration that it does not

appear from the defendant's own statement in his answer, that he is entitled to any relief, this defence cannot, according to the established rules of equity, be entertained under the answer. A defendant can have no positive relief against the complainant, even as to the subject matter of the suit, unless a cross-bill is filed for the purpose. *Miller* v. *Gregory,* 1 *C. E. Green* 274; *Onderdonk* v. *Gray,* 4 *C. E. Green* 65; *Leddel's Executor* v. *Starr, Id.* 159; *O'Brien* v. *Hulfish,* 7 *C. E. Green* 471.

The second exception to the report is therefore overruled.