NEW YORK COUNTY—HON. D. C. CALVIN, SURROGATE.—AUGUST, 1876.

## GRAHAM *v.* VAN DUZER.

*In the matter of the Estate of* WILLIAM J. VAN DUZER, *deceased.*

The wrongful act of the executor or administrator in commingling trust funds held by the decedent with funds of the estate, cannot be allowed to prejudice the *cestui que trust.*

The decedent received for the price of property, sold by him as agent, a draft payable to his own order for a sum, of which part belonged to himself for commissions, and part to his principal. The executrix collected the draft, and mingled the proceeds with the moneys of the estate.

　*Held*, that the principal was entitled to be paid in preference to creditors of the estate; and if need be, in preference to funeral expenses.

This was a petition for payment of a claim against the estate of William J. Van Duzer, deceased.

The question submitted in this matter, was, whether John. R. Graham, the petitioner, is entitled to a preference over the ordinary creditors of the estate, under the following circumstances.

The testator received a wagon of the petitioner, to sell on commission, with instructions to sell the same for

$250, and retain the balance over and above that sum, for his commissions.

A sale of the wagon was made by the testator, in his life-time, in payment for which he took a check or draft, payable to his order. This draft after his decease was collected by the executrix, and the proceeds were retained by her.

On the part of the claimant, it was urged that the wagon in question and the purchase price, to the amount of $250, was a trust in the hands of the testator, and that he had no power by any act of his to divest the trust impressed upon it by the parties, and that the representative of the estate could take only the property belonging to the testator, and had no right or power to divest the claimant of his ownership of the money received for his property.

The claim was resisted upon the ground that the specific money having been deposited to the credit of the executrix, with other funds could not be traced by any ear mark, and that thereby the trust was changed to an ordinary obligation against the estate.

McDONALD & CORNELL, *for the petitioner.*

F. J. McKEE, *for the executor.*

THE SURROGATE.—In *Moses* v. *Murgatroyd* (1 *Johns. Ch.,* 118) it was decided that property held in trust does not pass to the representatives of the trustee, but as long as it can be traced and distinguished it enures to the benefit of the *cestui que trust.* (See also *Kip* v. *Bank of N. Y.,* 10 *Johns.,* 63.)

In *Van Alleyn* v. *Commercial American National Bank* (52 *N. Y.,* 1), after an examination of several authorities, it is held substantially that the deposit of trust funds commingled with others does not divest the fund

of its trust character, or prevent the *cestui que trust* from enforcing his right thereto, and in that case, Chief Justice CHURCH cites with approbation the decision of the English Court of Appeals in chancery, reversing the master of the rolls, in *Pennell* v. *Dessell* (4 *DeGex, M. & G.,* 372) in which Lord Justice Knight BRUCE says, " When a trustee pays trust money into a bank, to his credit, the account being a simple account with himself, not marked or distinguished in any other manner, the debt thus constituted from the bank to him, is one which as long as it remains due, belongs specifically to the trust, as much and as effectually as money so paid would have done, had it specifically been placed by the trustee in a particular repository and so remained ; that is to say, if the specific debt shall be claimed on behalf of the *cestui que trust*, it must be deemed specifically theirs. This state of things would not, I apprehend, be varied by the circumstance of the bank holding also for the trustee, or owing also to him money in every sense his own."

Lord Justice TURNER, in considering the same case, after stating that if trust funds be paid into a bank to the creditor of the trustee, it would belong to the trust, and not to the private estate of the trustee, makes this enquiry : " Then suppose the trustee subsequently pays in money of his own, not belonging to the trust, to the same account, would the character of the moneys which he had before paid in, of the debt which had before accrued, be altered ?" The principle involved in this case is, whether a wrongful act by the executor, in commingling the trust fund with the others, can divest the *cestui que trust* of his right to the money as such.

The rights of creditors in whose interest the executrix resists a preferential claim of the *cestui que trust* are not affected by the enforcement of the rights of the *cestui que trust*, because neither the property nor its pro-

ceeds ever belonged to the testator or to the creditors; and to hold that by the commingling of the trust funds with others, the character of the trust was lost, and the fund made applicable to the payment of the ordinary creditors of the estate, would be to allow the representative of the estate, by his wrong, to vest the trust fund in the trustee or his representative; a principle hostile to well settled law, and repugnant to every principle of justice, and I am of opinion that the claimant *cestui que trust* is entitled to be paid in full, the amount of his claim in preference to any ordinary debt of the estate, and if need be, in preference to funeral and other expenses.

Order accordingly.