*In re* JEROME B. FICKETT.

Cumberland.    Opinion May 25, 1881.

*Promissory note.    Security to indorser or surety.    Insolvent law.    Stat. 1878,*
*c. 74, § 24.*

When security is given by the principal on a note to the indorser or surety to
indemnify him, such security enures to the benefit of the creditor.

By stat. 1878, c. 74, § 24, a creditor holding security against an insolvent
debtor is to be considered a creditor only for the amount of his debt above
the value of his security, to be determined in accordance with the provisions
of such section.

ON EXCEPTIONS.

The opinion states the case.

*Nathan Cleaves*, assignee of the insolvent estate, cited : Stat.
1878, c. 74, § 24; *Jaycox* v. *Green*, 8 N. B. R. 241; *Struper*
v. *McKee*, 17 N. B. R. 419.

*Walker and Cram*, for the National Mahaive Bank, appellants.

The bank holds for the payment of the note discounted the
name of Briggs, the name of Fickett and the mortgage, Briggs
to Fickett. It can proceed against either. If Fickett pays it
he is substituted to the rights of the bank in the mortgage. If
his estate pays part of it by way of dividend, his assignee has
claim against Briggs for same. So the value of the mortgage is
not to be deducted from the claim of the bank. It is not Fickett's
mortgage. It is the note and mortgage of Briggs, not the
insolvent.

In this matter the court has no jurisdiction over Brigg's debt,
and his mortgage to secure it. See § 21 of the Insolvent Law ;
*In re Cram*, 1 N. B. R. 504.

APPLETON, C. J.   On October 14, 1879, John R. Briggs and
Jerome B. Fickett made their promissory note for ten thousand dol-
lars, payable to their own order at the National Mahaive Bank, on
demand, to be negotiated for the benefit of said Briggs. At the
same time Briggs made his note for a similar amount on the same

terms as to rate of interest and time of payment payable to said Fickett or order, and secured by a mortgage, "this mortgage and note being intended and given to indemnify said Fickett from all loss by reason of having signed for the accommodation and benefit of said Briggs" the first mentioned note, with "the right to sell and dispose of," the mortgaged premises at any time after one month's continuance of any breach of the conditions of the mortgage.

The note of Briggs and Fickett was indorsed by them ; the note of Briggs was indorsed and the mortgage assigned to the bank by Fickett and the money procured by Briggs from the bank as part of one and the same transaction.

The note of Briggs and Fickett is not paid. Fickett is in insolvency. A hearing was had before the judge of insolvency. An appeal was taken from his decree to the Supreme Judicial Court and upon a hearing on the facts stated, the presiding justice ruled "that said note of Briggs and its mortgage is security for the note of Briggs and Fickett, but *only* for the amount of the loss to said Fickett in the premises ; viz, a sum equal to the dividend which said insolvent is compelled to pay on said note of Briggs and Fickett. That said bank is a creditor of said estate only for the balance of said note of Briggs and Fickett above said security."

1. The mortgage by Briggs to Fickett conditioned to pay his note for $10,000 and to indemnify him for having signed a note for the same amount as surety, created a trust and equitable lien for the holder of the note thereby to be secured. Fickett took the mortgaged property subject to such trust. An equitable lien was thereby created for the security and payment of the specified note. The mortgage was given for the indemnity of Fickett, but it enures to the benefit of the creditor, the bank, to which he is security. He is not merely mortgagee for his own protection, but he is trustee for the bank, and the bank can in equity compel him to apply the property mortgaged to the payment of the debt for which it is held. A holder of a note is entitled to the benefit of a collateral security given by the maker to the indorser for his indemnity. *Phillips* v. *Thompson*, 2 Johns. Ch. 418. Nor

does it matter that the mortgage is given for indemnity, "for," observes CHAPMAN, J. in *New Bedford institution for Savings* v. *Fairhaven Bank*, 9 Allen, 175, "it is well settled by the authorities that the creditor has an equitable claim to the security as well when the mortgage is given for mere indemnity as when the condition is added that the principal shall pay the debt." In *Aldrich* v. *Martin*, 4 R. I. 520, the security was given merely to indemnify the indorser, and yet the creditor was held to be entitled to it. It is only by payment there can be complete indemnity. *Eastman* v. *Foster*, 8 Met. 19 ; *Rice* v. *Drury*, 13 Gray, 47 ; *In re Holbrook*, 2 Lowell, 259. Here there has been no indemnity. The mortgage is in full force and has not been released.

Had the mortgage remained in the hands of Fickett, he would have been entitled to its protection. The bank, too, would have been entitled to the benefit of it, and in equity might reach this security to satisfy its debt. 1 Story, Eq. 502. Its rights in law or in equity are none the less because the note and mortgage of Briggs were assigned by Fickett when the loan was made and as a part of the transaction.

The conclusion is that the bank holds the note and mortgage of Briggs as security for the indebtedness of Briggs and Fickett arising from their joint note, with full authority to enforce the same. Such was the undoubted expectation and intention of all parties. Such is the equity of the case.

2. The case assumes that the Mahaive Bank has security. Exception is taken to the ruling that it is a creditor *only* for the amount due above the security. If by this he meant the full value of the security, the ruling is correct.

Reference is made by the counsel for the bank to the insolvent law of 1878, c. 74, § 21, which relates to the right of voting for an assignee. But the assignee has been chosen and no question arises as to the validity of his choice. This section has no relation to the mode or manner of proving claims.

The construction of the insolvent law is to be determined by its language, not by the words of any other statute. By § 24, "for the purpose . . . of proving claims against an estate of any insolvent under this act, a creditor, who holds security, shall

be considered a creditor *only* for the amount of his debt above the *value* of his security."

It is enough that a creditor has security. It is to be allowed in reduction of his claim. It matters not from whom or when the security is obtained. The language is general. It applies to all security, by whomsoever furnished. It is not limited to the property of the insolvent. The creditor is not to have a dividend on his whole debt and retain his security. He is to have only the amount due above the value of his security and no more.

It is undoubtedly true that the English rule, which has been followed here "is that the creditor must apply all the property of the *bankrupt* real and personal which he holds as security for his claim, in reduction of his demand and prove only the *balance* against his estate, but the security will not go in reduction of the claim, unless it is the property of the estate against which the proof is offered." *In re Cram*, 1 B. R. 132.

The decision in *In re Cram*, rests upon the peculiar language of the bankrupt law of the United States, which permits a creditor to prove the balance of his debt, only "when a creditor has mortgage or pledge of the real or personal property of the *bankrupt*." When the security is from a source other than the bankrupt the law is otherwise.

The language of the insolvent law of this State differs materially from that of the bankrupt law. The difference is significant. It was for a purpose. It is enough that the creditor has security, that he shall be considered a creditor only "for the amount of his debt above the value of his security." It is not required that the security by which the debt is reduced should be that of the insolvent. It is made specifically to apply to and to require the deduction of the value of any and all security held by the creditor from his debt. This is of the highest equity. The statute means equality among creditors, and in this way alone can it be had. The secured creditor is creditor only for his balance after deducting his security. *Lanckton* v. *Walcott*, 6 Met. 305.

3. The value of the security has not been found. The adjudication that the value of the security specified in the creditors' proof of claim and represented by the note of $10,000, is a sum

equal to the dividend which the insolvent estate is compelled to pay on the joint note of Briggs and Fickett, and that the bank is a creditor only for the amount above said security is an adjudication of no fixed or definite sum.

The claim of the creditor, the bank, is a fixed sum or one determinable on proof. The value of the security is a sum equally to be ascertained. The amount of the creditors' "debt above the value of his security" necessarily depends upon the prior ascertainment of those amounts.

But the value, as stated by the judge of insolvency, is utterly indefinite. It is no fixed sum. What the dividend may be can only be known upon the final settlement of the estate, and then it would be too late to prove it, or, if proved and the settlement reopened, it would necessitate the fixing a new dividend, for every additional claim allowed, must of necessity modify and diminish what would otherwise be the dividend, and so on indefinitely.

What should have been done was to fix the value of the security, *i. e.* the note and mortgage of Briggs to Fickett and by him transferred to the bank. That done, all that remains is to subtract that value in money from the debt of the bank, and the difference will be the amount of the creditors' debt above the value of his security.

*Exceptions sustained.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.