KEENE FIVE CENTS SAVINGS BANK *v.* HERRICK & a.

The payee of a promissory note is entitled to have a mortgage given by the maker to his surety assigned to him after their insolvency, although the condition of the mortgage is for the indemnity of the surety and not to pay the note.

BILL IN EQUITY, against Jarib S. Herrick, Sarah E., his wife, James L. Bolster, and the administrator of the estate of John W. Herrick, deceased, praying that a mortgage given by Jarib S. to John W., and to Bolster may be assigned to the plaintiffs, and for a foreclosure thereof. Facts found by the court. January 1, 1877, Jarib S. Herrick obtained of the plaintiffs a loan of $510 and gave them his note for that amount, signed by John W. Herrick and Bolster as sureties, payable on demand with interest annually. January 27, 1877, he gave a mortgage of certain real estate described in the bill to his sureties, to indemnify them against loss by reason of their having signed the note. In 1878, Jarib became insolvent, was adjudged a bankrupt, and was duly discharged from all his debts and liabilities. At the assignee's sale of his property the right in equity to redeem the mortgaged premises was purchased by the defendant Sarah. John W. Herrick died in 1879 insolvent, and his estate was administered as such. Nothing has been paid upon the note by either estate. Bolster is insolvent, and unable to pay any part of it. The defendant Sarah paid the interest to July 1, 1879, and the balance is now due and unpaid. Both Jarib and Sarah deny their liability to pay the note.

The defendants, Jarib and Sarah, demurred, assigning as causes of demurrer,—1, that it is not alleged that the estate of John W. or Bolster has paid anything upon the note; 2, that the condition of the mortgage has not been broken by the mortgagor; 3, that the plaintiffs have an adequate remedy at law.

*H. Blake,* for the plaintiffs, cited Sheld. Sub., ss. 154, 155, 156; *Maure* v. *Harrison,* 1 Eq. Cas. Ab. 93; *Owens* v. *Miller,* 29 Md. 144; *Roberts* v. *Colvin,* 3 Grat. 358; *Saffold* v. *Wade,* 51 Ala. 214; *Troy* v. *Smith,* 33 Ala. 469; *Seibert* v. *True,* 8 Kans. 52; *U. S. Bank* v. *Stewart,* 4 Dana 27; *Kinsey* v. *McDearmon,* 5 Coldw. 392; *Miller* v. *Lancaster,* 5 Coldw. 514; *King* v. *Harman,* 6 La. 607; *Higgins* v. *Wright,* 43 Barb. 461; *Rice's Appeal,* 79 Pa. St. 168; *Carpenter* v. *Bowen,* 42 Miss. 28; *McCollum* v. *Hinckley,* 9 Vt. 143, 149.

*D. K. Healey,* for Jarib S. Herrick and Sarah E. Herrick, cited *Hall* v. *Cushman,* 16 N. H. 462; *Wallace* v. *Goodall,* 18 N. H. 439; *First Cong. Society* v. *Snow,* 1 Cush. 510.

SMITH, J.   In the early case of *Maure* v. *Harrison*, 1 Eq. Cas.
Abr. 93 K. 5, decided in 1692, it was held that a bond creditor
was entitled to the benefit of all counter bonds, or collateral
securities given by the principal debtor to his surety; and that
the holder of a bond was therefore entitled to the benefit of a
bond and mortgage given by the principal debtor to his surety
in the bond for the indemnity of the surety.   In 1 Sto. Eq. Jur.,
*s.* 502, it is laid down that "if a surety has a counter bond or
security from the principal, the creditor will be entitled to the
benefit of it, and may in equity reach such security to satisfy his
debt."   And in *s.* 638, "if a principal has given any securities to
his surety, the creditor is entitled to all the benefit of such secur-
ities in the hands of the surety to be applied in payment of his
debt."   Kent, in 4 Kent Com. 307, says "Collateral securities
given by a debtor to his surety are considered as trusts for the
better security of the creditor's debt, and chancery will see that
their intention be fulfilled."   This doctrine is the corollary of the
doctrine that a surety is entitled to the benefit of any security
which the creditor may have taken from the principal.   "The
creditor and the surety have correlative rights; they are each
entitled to the benefit of the securities held by the other for the
payment of the debt."   Sheld. Sub., *s.* 154; *Saylors* v. *Saylors*,
3 Heisk. 525; *Osborn* v. *Noble*, 46 Miss. 449; *Wright* v. *Morley*,
11 Ves. 22; *Ex parte Perfect*, Mont. Bk. L. 25; *Bank* v. *Throop*,
18 Johns. 505; *Pratt* v. *Adams*, 7 Paige 617, 627; *Curtis* v. *Tyler*,
9 Paige 432, 435; *Parsons* v. *Briddock*, 2 Vern. 608; *Ex parte
Waring*, 19 Ves. 345; *Ex parte Parr*, Buck 191; *Ex parte Pres-
cott*, 3 Deac. & Ch. 218; Com. Dig. Ch. 4 D. 6.

The right of subrogation is a doctrine of equity jurisprudence.
It does not depend upon privity or contract, expressed or implied.
Only so far as the known equity may be supposed to be imported
into any transaction, may it be said to raise a contract by implica-
tion.   *Mathews* v. *Aiken*, 1 N. Y. 595, 600.   It is a mode which
equity adopts to compel the ultimate discharge of a debt by him
who in equity and good conscience ought to pay it; and is so
administered as to secure justice without regard to form.   *Wall* v.
*Mason*, 102 Mass. 313; *New Bedford Inst. for Savings* v. *Bank*, 9
Allen 175; Sheld. Sub., *ss.* 1, 11; *Hauser* v. *King*, 76 Va. 731.   In
*Eastman* v. *Foster*, 8 Met. 19, 24, *Shaw*, C. J., said,—"The effect
of the mortgage [from the principal to the surety] was, in equity,
to pledge the property in the form of a hypothecation, to the
surety, for the payment of the mortgagor's debt; and the pledge is
not redeemed, nor the equitable lien upon it discharged, until the
debt is paid."   "This decision," said *Bigelow*, J., in *Rice* v. *Dewey*,
13 Gray 47, 49, "rests on the broad principle of equity, that
the estate of the mortgagee is to be treated as a mere security for
the debt, and when the debt is assigned by the mortgagee, it car-
ries with it in equity, as an incident, a right to have the estate

appropriated for the payment of the debt in the hands of the assignee. To carry out and enforce this equity, the mortgagee is regarded as the trustee of those to whom he has assigned the debt secured by the mortgage, and can be compelled to appropriate it for their benefit." See, also, *Vail* v. *Foster*, 4 N. Y. 312; *Paris* v. *Hulett*, 26 Vt. 308; *Homer* v. *Bank*, 7 Conn. 478, 484, 485; *Bank* v. *Lee*, 11 Conn. 112; *Ex parte Gee*, Glyn & J. 330; *King* v. *Baldwin*, 2 Johns. Ch. 554; *Miller* v. *Ord*, 2 Binn 382; *Russell* v. *Clark*, 7 Cranch 69, 97; *Kip* v. *Bank*, 10 Johns. 63; 2 Sto. Eq. Jur. 1016.

In some cases an attempt has been made to raise a distinction between a mortgage executed by the debtor to his surety to secure the debt, and a mortgage simply to indemnify the surety. Thus, in *Jones* v. *Bank*, 29 Conn. 25, it was held that such a mortgage merely indemnifying the surety does not in the first instance attach itself to the debt as an incident to it; but whatever equity arises in favor of the creditor in regard to the security arises afterwards, and comes into existence only upon the insolvency of the parties holden for the debt; and until this equity arises the surety has a right in equity as well as at law to release such security. But upon the insolvency of the principal and surety the creditor will be entitled to the benefit of the security held by the surety from the principal. See, also, Sheld. Sub., ss. 160, 161, 162; *In re Foye*, 16 Nat. Bank. Reg. 572; *In re Fickett*, 72 Maine 266; *Keyes* v. *Brush*, 2 Paige 311; *King* v. *Harman*, 6 La. 607.

In *Hayden* v. *Smith*, 12 Met. 511, the principal debtor had given his surety a mortgage simply indemnifying him against the debt, which the surety assigned to the creditor in consideration of his release by the creditor from any other liability than the use of his name in the collection of the original debt; and it was held that the assignment did not operate as an extinguishment of the security, but that the creditor could hold the mortgaged premises until redeemed by the payment of the debt.

In *New Bedford Inst. for Savings* v. *Bank*, 9 Allen 175, where the mortgage from the principal debtor to his surety merely stipulated that he should indemnify the surety, and made no mention of the payment of the debt, the court said,—"But it is well settled by the authorities that the creditor has an equitable claim to the security, as well when the mortgage is given for mere indemnity as when the condition is added that the principal shall pay the debt. . . . . The equitable right of the creditor does not rest upon contract, but he is put upon the same equitable footing with a co-surety. The law has been long settled, and the distinction taken in the present case is novel. . . . . It cannot be that if an indorser, who has been made liable by demand and notice, goes into insolvency, the mortgage taken by him for indemnity is thereby released. It ought to be held by his assignee for the benefit of his estate. But it was taken for the general benefit of all his creditors, and its object was to indemnify his

estate from the payment of the particular debt.    Primarily, there-
fore, it would seem to be the proper course to apply the security
to the payment of that debt, and thus leave the other creditors of
the indorser in the same condition as if the indorsement had not
been made."    *Moses* v. *Murgatroyd*, 1 Johns. Ch. 119; *Phillips* v.
*Thompson*, 2 Johns. Ch. 418; *Ten Eyck* v. *Holmes*, 3 Sandf. Ch.
428; *Aldrich* v. *Martin*, 4 R. I. 520 ; *Hopewell* v. *Bank*, 10 Leigh
214, 221.

In this case it appears that the principal debtor and the sureties
are all insolvent, and under such circumstances the creditor,
according to all the authorities, is entitled to the benefit of the
security held by the sureties.    *In re Jaycox & Green*, 8 Nat. Bank.
Reg. 241, and cases cited; *In re Foye*, 16 Nat. Bank. Reg. 572,
and cases cited; *In re Fickett*, 72 Me. 266, and cases cited ; 1 Lead.
Cas. Eq. (ed. 1859) 163.

*Hall* v. *Cushman*, 16 N. H. 462, was a petition by a subsequent
mortgagee to redeem a mortgage executed to the defendant by one
Fay as indemnity for signing a note as surety for Fay.   The defend-
ant contended that his co-surety was entitled to the benefit of the
mortgage.    It appeared that after the loss had been adjusted by
each surety paying one half of the debt, the defendant took the
mortgage in question.   All the case necessarily decides is, that one
surety is not entitled to the benefit of a mortgage given to his co-
surety after the loss had been adjusted by each of the sureties pay-
ing one half of the sum for which they were bound.   But some re-
marks of Judge *Parker*, not necessary to the decision of the case, are
to the effect that the principle that a surety is entitled to the bene-
fit of security held by a co-surety "cannot be applied to mere prom-
ises to indemnify which rest in action, even if a security also rest-
ing in action is given to secure the performance of the promise."
The reasoning of the opinion is opposed to the conclusion reached
in this case.    But in that case neither the creditor nor the defend-
ant's co-surety was a party asking to have the security applied to
the payment of the debt.    There was no discussion how far the
security would be regarded in equity as a trust fund for the pay-
ment of the debt, nor what were the equitable rights of the creditor.
Inasmuch as the question now before us was not and could not be
considered, because not then before the court, that case cannot be
regarded as an authority to be followed upon this question.    In
*Hayes* v. *Davis*, 18 N. H. 600, the same learned judge held that
where security is taken for the indemnity of two co-sureties, one of
them has no power to discharge it to the prejudice of the other,
and remarked that if the security had been in the name of one
surety alone, the other having paid would be entitled by way of
subrogation to the benefit of it.   See, also, *Brown* v. *Ray*, 18 N. H.
102; *Riddle* v. *Bowman*, 27 N. H. 236; also, the comments of
*Bellows*, C. J., upon *Hall* v. *Cushman*, in *Putnam* v. *Osgood*, 52
N. H. 148, 152.

This application is an equitable proceeding in which substantial justice without regard to form may be done. The plaintiffs have an equitable claim to the security in the hands of the sureties, provided they do nothing to the prejudice of the creditors of the sureties. It is only just that the plaintiffs should have the benefit of the security set apart for the indemnity of the sureties. It has become a trust fund for the better protection of the debt. The principal debtor is bankrupt, one of the sureties insolvent, and the other died insolvent. To treat the security as released is in effect to surrender it, not to the creditors of the bankrupt or of his sureties, but to the purchaser of the equity of redemption with notice, and who, it is claimed and not denied, paid a nominal sum merely for the security. By giving the plaintiffs the benefit of the security the debt will thereby be discharged out of the property set apart by the principal debtor, the creditors will be satisfied, and the sureties relieved. All will be accomplished in this proceeding, and circuity of action, delay, and the useless accumulation of costs will be prevented. All the equities are with the plaintiffs, and exact justice will be done by holding them entitled to the benefit of the security.

The third ground of demurrer is overruled. The plaintiffs have not an adequate remedy at law, and equity is peculiarly adapted for affording relief by enforcing securities of this kind, if, indeed, it is not the only proceeding by which relief can be afforded.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.