## DODD and others v. MARTIN and another.

*(Circuit Court, E. D. Arkansas.   October Term, 1882.)*

1. ASSIGNMENT FOR BENEFIT OF CREDITORS — DEED OF ASSIGNMENT — FAILURE
    TO ATTACH SCHEDULE.

    The failure to attach the schedule of property described in a deed of assign-
    ment, renders the deed inoperative and void as to all property intended to
    be embraced in the schedule, and not otherwise described than by reference
    to it.

2. SAME—STIPULATIONS.

    A deed of assignment containing a stipulation that no creditor shall partici-
    pate in the proceeds of the property assigned unless he accepts the same in full
    satisfaction of his debt, is valid in Arkansas ; but a deed containing such a
    stipulation, to be valid, must convey all the debtor's property.

On the twenty-sixth of December, 1882, the defendant executed and
delivered to Allison, as assignee, a deed of assignment for the benefit
of creditors.   Two days afterwards the plaintiffs sued out an attach-
ment against Martin, which was levied on a stock of goods in the pos-
session of Allison, the assignee, and which had belonged to Martin.
Martin traversed the plaintiff's affidavit, upon which the attach-
ment was sued out, and Allison filed an interplea claiming the goods
attached as assignee under the deed of assignment.   Both issues were
tried before the court.   That part of the deed of assignment material
to the case reads as follows :

"I, John A. Martin, do hereby grant, bargain, and sell to T. J. Allison, as-
signee in trust, for the benefit of all my creditors, the goods, wares, merchan-
dise, and property hereto attached in Schedule A, made a part of this convey-
ance, to have and to hold to him in trust as aforesaid forever; I conveying
also to the said T. J. Allison, assignee, for the use aforesaid, all notes, books,
accounts, and every class and character of evidence of debt to me belonging,
or relating to my business in any manner whatever, with full authority in said
T. J. Allison, assignee, to collect the same and apply them to the uses of this
trust in manner and form as is by law prescribed in that behalf.   The said
T. J. Allison, assignee, shall proceed to collect and dispose of goods, wares,
merchandise, and property, and choses in action, and apply the same to the
payment of my creditors, share and share alike: provided, that no creditor
herein provided for shall participate in the assets herein assigned, unless he
accepts the same in full of his claim.   This assignment to be closed up under
the direction of creditors assenting to the same.

"*December* 26, 1882.

[Signed]                                          " J. A. MARTIN."

The deed was acknowledged and delivered, and the keys of the
store, house, and possession of the stock of goods delivered to Allison
as assignee under the deed at its date; but the assignee did not file

the inventory and give the bond as required by section 385, Gantt's Digest, and had not done so down to the day of trial, and the schedule mentioned in the deed as being attached thereto and made part thereof was not attached, and was not made out at the time the deed was executed and delivered, nor until some time after the levy of the attachment.

*U. M. & G. B. Rose,* for plaintiff.

The deed is void for the following reasons:

1. It exacts releases and by implication reserves the surplus to the grantor. *Malcolm* v. *Hodges,* 8 Md. 418; *Whidbee* v. *Stewart,* 40 Md. 414; *Ingraham* v. *Wheeler,* 6 Conn. 277; Bump, Fraud. Conv. 430; Burrill, Assignm. § 207.

2. No time is specified within which creditors are to accept and release. Bump, Fraud. Conv. (2d Ed.) 433; Burrill, Assignm. § 197; *Henderson* v. *Bliss,* 8 Ind. 100; 2 Kent, Comm. 533.

3. The Schedule A mentioned in the deed not having been attached thereto, the assignment was ineffectual to convey the property intended to be embraced in the schedule. *Barkman* v. *Simmons,* 23 Ark. 1; *Moir* v. *Brown,* 14 Barb. 39.

4. The assignment took effect as to the choses in action at the time of its delivery. *Clayton* v. *Johnson,* 36 Ark. 406. At the time of the levy it was, therefore, a partial assignment, exacting releases, and void. Burrill, Assignm. (4th Ed.) 273; Bump, Fraud. Conv. (2d Ed.) 492; *In re Wilson,* 4 Pa. St. 430; *Graves* v. *Ray,* 13 La. 454; *Hennesy* v. *Bank,* 6 Watts & S. 300; *Clayton* v. *Johnson, supra.*

5. The provision that the assignment shall be closed up under the direction of the creditors assenting to the same makes the assignee the mere agent of those creditors. The assenting creditors are by this clause invested with plenary powers over the estate, and yet they are governed by no law, give no bond, take no oath, and are answerable to no one for an abuse of these powers. Nor would the assignee be responsible for obeying their orders to the prejudice of the rights of other creditors, because one of the conditions of his bond is that he "will execute the trust confided to him  *  *  * according to the terms of the assignment," one of which is that he shall close it up under the direction of the assenting creditors.

Section 43 of the bankrupt act (section 51 03, Rev. St.) authorized three-fourths in value of the creditors who had proved their debts to "wind up and settle" the bankrupt's estate by trustees appointed by them. These words were held to be large enough to embrace the entire control and management of the bankrupt's estate, and the

direction of the committee of creditors to the trustee in regard to the settlement of the estate was held to be conclusive and binding on the bankrupt court and all other creditors. *In re Dorby*, 4 N. B. R. 211; *In re Jay Cook & Co.* 11 N. B. R. 1. And if this deed is held valid, the clause in question has the effect to deprive the assignee of all control over the administration of the trust. The clause is not only without any statute authorizing it, but is in derogation of the statute, which points out specifically how the assignee shall discharge his trust. It is not for the debtor to assume that he can devise a better mode of administering the trust than that prescribed by law. Whenever he has attempted to do so, the assignment has been adjudged void. *Raleigh* v. *Griffith*, 37 Ark. 150; *Teah* v. *Roth*, M. S. opinion, Nov. Term, 1882; *Schoolfield* v. *Johnson*, 11 FED. REP. 297.

6. The statute prohibits the assignee from taking possession of the property assigned until he has filed the inventory and given the bond required by law. Parties cannot defy the law with impunity. The object of the statute was to put it out of the power of an irresponsible or dishonest assignee selected by the debtor to defraud the creditors. The prohibition is addressed to the debtor as well as the assignee. An act knowingly done in violation of an express command of a statute, enacted to prevent fraud, is itself a fraud in law. No inquiry is permissible to show the statute was violated through ignorance, or for a good purpose.

7. The case of *Clayton* v. *Johnson* does not decide that the deed in that case was a valid deed. Objection to the introduction of the deed was not made in the court below; but after it was introduced an instruction was asked that the deed be disregarded because it contained a clause exacting releases. This was the only question of law reserved, and, of course, the supreme court could not pass upon any other point. It is clear that the deed was bad for several reasons, and that it must have been so held if the points had been raised in the trial court.

*Joseph W. Martin*, for defendant and interpleader.

1. The deed was inoperative for any purpose till the transaction was completed by attaching Schedule A to the deed as contemplated by the parties.

2. This deed is a literal copy of that in *Clayton* v. *Johnson*, 36 Ark. 406, except this clause, "The said Johnson shall proceed to sell said goods, etc., on the best terms he can in his direction," which is omitted. That deed was held valid. True, the main question in

that case was the validity of the clause exacting releases; but before the court could render the judgment they did, they had to find the deed was not constructively fraudulent for *any reason.*

3. There is no such resulting trust or implied reservation of the surplus to the debtor as will render the deed void. *Brashier* v. *West,* 7 Pet. 615; *Skepwith* v. *Cunningham,* 8 Leigh, 271; *Gordon* v. *Cannon,* 18 Grat. 394; *McFarland* v. *Birdsall,* 14 Ind. 129; 11 Ill. 503; 3 Watts, 198; 8 Watts & S. 304; 5 Watts & S. 223; 8 Grat. 457; 58 Ala. 659; 1 Paige, 305; 17 Ala. 659; 1 Ired. 453; 4 Wash. C. C. 232.

4. The clause providing that the assignment shall be closed up under the direction of the creditors assenting to same does not render the deed void. *Kellog* v. *Slawson,* 15 Barb. 56. It does not authorize the creditors to exercise any power inconsistent with the rights of all the creditors and the duties of the assignee and the rules of law. The creditors and the assignee alike would be bound to observe the law. The courts should give instruments that construction which will render them lawful. *Julian* v. *Rathbone,* 39 Barb. 102; *Cardegan* v. *Kenneth,* 2 Cowp. 432; 1 Story, Eq. Jur. § 258. It would be a strained construction to say this clause was designed to perpetrate a fraud; it has no tendency to such a result. The court will not assume that the creditors might attempt to exercise their powers unlawfully, but will rather indulge the presumption that they would act according to law and for the best interest of all.

CALDWELL, J. It will be observed that the deed on its face does not purport to convey all the assignor's property. The property conveyed is limited by the terms of the deed to that mentioned and described in Schedule A, and to the choses in action which are assigned by an independent clause in the deed, and as to which the deed took effect on its delivery.

The failure to attach the schedule renders the deed inoperative and void as to all property intended to be embraced in the same, and not otherwise described than by a reference to it. *Barkman* v. *Simmons,* 23 Ark. 1; *Moir* v. *Brown,* 14 Barb. 39. This being so, it results that the deed of assignment, at the time of its execution and delivery, conveyed only a part of the assignor's property. The supreme court of this state, in *Clayton* v. *Johnson,* 36 Ark. 406, hold that a deed of assignment containing a stipulation that no creditor shall participate in the proceeds of the property assigned unless he accepts the same in full satisfaction of his debt, is valid. But a deed containing such a stipulation, to be valid, must convey all the debtor's property. This

is held in *Clayton* v. *Johnson, supra,* and is the doctrine of most of the courts which maintain the validity of such a stipulation. "It is held," says Mr. Burrill, "almost without exception, that such a stipulation in an assignment of part of a debtor's property is fraudulent." Burr. Assignm. (4th Ed.) 273.

The deed, therefore, stipulating for a release and conveying only a part of the debtor's property, is fraudulent and void. It imparted no title to the assignee as against an attaching creditor, and justified the plaintiffs in attaching the assignor.

The conclusion arrived at in this point is decisive of the case, and renders it unnecessary to decide the other questions so ably argued by counsel.